## AVERETT vs. HORN.

1. When a party against whom a judgment is rendered by a justice of the peace, craves an appeal from the judgment on the day of its rendition, but does not give bond until the sixth day afterwards, being prevented from giving bond on the fifth day by reason of the justice's absence from home, it is error to dismiss the appeal.

ERROR to the County Court of Perry.

A. B. MOORE, for plaintiff in error:

If the plaintiff in error craved an appeal within five days from the rendition of judgment, and executed his appeal bond on the first day after the expiration of five days and before the issuance of execution, it was sufficient, and the appeal should not have been dismissed.—Johnson v. Hale, 3 Stew. & Por. 331; Henderson v. Plumb & Robbins, 18 Ala. 74.

The case of Jones v. Moore, (13 Ala. 296,) does not settle this question. It only decides that the appeal bond in that case was executed within the five days.

I. W. GARROTT, contra:

The language of the statute is explicit, that the party aggrieved "may appeal, first giving bond," &c.—(Clay's Dig. 314, § 9.) The record shows that the plaintiff "craved" an appeal, but it does not show that the appeal was granted until the sixth day; on the contrary the bond itself recites that the appeal was prayed for and granted on the sixth day.

The case of Johnson v. Hale, (3 Stew. & Por.,) cannot control this case. It was decided before the adoption of Aikin's Dig. in 1833, until which time there was no statutory provision requiring a bond. The case of Henderson v. Plumb & Robins, (18 Ala. 74,) does not apply; for there the party appealing was ready and offered to give bond, but the record here does not show such a state of facts. The case of Moore v. Jones, (13 Ala. 296,) must be decisive of this; for there the precise point made in this case was determined adversely to the plaintiff in error.

COLEMAN, J.—This was an appeal by Averett from a justice of the peace, to the court below.

The bill of exceptions discloses, in substance, that the court dismissed the appeal on the ground that the appellant did not give the appeal bond until the sixth day after the rendition of the judgment; that the appellant "craved" an appeal on the day of trial and after judgment was rendered against him, and that on the fifth day after the judgment, he went to the house of the justice of the peace who rendered the judgment to execute an appeal bond, but that the justice was not at home, by reason whereof he failed to give the bond on that day, but executed it on the day of its date, &c.

The act in relation to appeals from justices of the peace, and which has been in force since the adoption of Aikin's Digest, in 1833, declares, "that any person aggrieved by the judgment of a justice of the peace, may, within five days thereafter, appeal to the next County or Circuit Court sitting for his county, first giving to such person bond with good security, in double the amount of such judgment, conditioned to prosecute such appeal to effect," &c.

Although the statute in this case was not literally carried out by the justice of the peace, yet as the plaintiff was guilty of no default, and in fact did all that was necessary to be done on his part in the premises, I think he should be considered as substantially complying with the provisions of the act, according to its spirit and meaning. It appears that the plaintiff applied to the justice for an appeal on the day of the rendition of the judgment against him, and that his subsequent attempt to give the appeal bond within the time prescribed by law, was defeated by the act of the justice; and in fact that he used due diligence in order to obtain the appeal in compliance with the letter of the law; finally, that a good and sufficient bond was given by the plaintiff only one day after the expiration of the five days prescribed by the law. Under these circumstances, we think the court erred in dismissing the appeal.

We have been referred to the case of Henderson v. Plumb & Robbins, 18 Ala. 74, where it was held, "If an appeal be taken from a judgment of a justice of the peace within five days after it is rendered, it cannot be dismissed because no bond has been executed, if the appellant is ready to give the bond when the motion to dismiss is made." It is not necessary to go to the extent of that decision to sustain the appeal in this case. In

support of his opinion, the judge refers to the case of Johnson v. Hale, 3 Stew. & Por. 331, which was decided on an appeal taken under the act of 1814, which did not direct at what time the bond should be given, and which did not expressly require the appellant to give any bond at all.

The judgment is reversed and the cause remanded.