## W. L. Cox v. Blucher Rich.

Justice of the Peace; *Appeal; Mandamus.* Where the party appealing from the final judgment of a justice of the peace to the district court of the county where the judgment is rendered, shall, within ten days from the rendition of the judgment, enter into an undertaking to the adverse party, conditioned as required by law, with good and sufficient surety in a sum double the amount of the judgment and costs, it is the duty of the justice of the peace to file and approve the undertaking; and *held,* that the performance of this duty may be enforced by mandamus.

### *Original Proceedings in Mandamus.*

Action brought in this court by *Cox*, against *Rich*, to compel the defendant, as justice of the peace of Iuka township, in the county of Pratt, to approve a certain appeal bond, or to show cause, etc. The defendant answered, showing cause. The opinion contains a sufficient statement of the facts.

*A. B. Jetmore*, and *H. P. Cooper*, for plaintiff.

*Blucher Rich*, defendant, for himself.

The opinion of the court was delivered by

Horton, C. J.: On the 23d day of March, 1880, in the township of Iuka, county of Pratt, in a civil action then pending before the defendant, Blucher Rich, wherein one J. T. Chinn was plaintiff, and the plaintiff herein, W. L. Cox, was the defendant, the said J. T. Chinn, by the consideration of said justice, recovered judgment against said W. L. Cox for the sum of $10 damages and $13.75 costs of suit. On the 24th day of March, 1880, this plaintiff, desiring to appeal from the judgment of the justice of the peace, presented

to the justice an appeal undertaking, conditioned as required by law, with sufficient surety in the sum of $50, said sum being more than double the amount of the judgment and costs. The justice refused to approve the undertaking, on the ground that it was insufficient to include the probable costs of the appeal in the district and the supreme courts, holding that in the exercise of a reasonable and sound discretion, he had the authority to demand an appeal undertaking in the sum of $75.

Sec. 121, ch. 81, Comp. Laws 1879, p. 720, provides, that "The party appealing shall, within ten days from rendition of the judgment, enter into an undertaking to the adverse party, with at least one good and sufficient surety, to be approved by such justice, in a sum not less than fifty dollars in any case, nor less than double the amount of the judgment and costs, conditioned: *First*, that the appellant will prosecute his appeal to effect, and without unnecessary delay. *Second*, that if judgment be rendered against him on the appeal, he will satisfy such judgment and costs. Such undertaking need not be signed by the appellant."

The plaintiff, having fully complied with the statute, it was the duty of the justice to have approved and filed the undertaking presented to him. The statute fixes the minimum amount of the penalty of the undertaking, and further provides that the amount shall not be less than double the judgment and costs. When, therefore, the surety is sufficient, and the undertaking is double the amount of the judgment and costs, it is not optional with the justice to approve the undertaking: it is his duty to do so. He has no legal right to consider the additional costs likely to accrue in subsequent litigation.

In this case, the justice had no authority to demand the execution of an undertaking in excess of double the amount of the judgment and costs. He had no right to anticipate and provide security for the additional costs in the district and the supreme courts, and failed in his official duty in rejecting the undertaking tendered to him.

A peremptory writ will be directed to issue, requiring the defendant to approve the undertaking, and perfect the appeal.

All the Justices concurring.