HENRY STRUBER v. GEORGE ROHLFS.

1. JUSTICE OF THE PEACE; *Appeal; Practice.* Where a party appeals from the judgment of a justice of the peace, the record of the case transmitted to the clerk of the district court by the justice must affirmatively show that the appeal was taken within ten days from the rendition of the judgment; otherwise the district court may on motion dismiss the appeal.

2. APPEAL, *Not Lost.* If the party appealing does all the law requires of him to entitle himself to an appeal, the justice cannot deprive him of this right by an omission to act, either through negligence or design.

3. RECORD; *Correction; Practice.* Where facts material to appear in the record of a justice of the peace are untruthfully stated therein, they cannot be corrected or disposed of in a summary manner in the district court by affidavits upon a motion to dismiss the appeal.

*Error from Washington District Court.*

ACTION brought before a justice of the peace by *Rohlfs* against *Struber,* to recover money. Judgment for plaintiff. The defendant appealed. At the April Term, 1885, the district court dismissed the appeal. *Struber* brings the case here. The opinion states the material facts.

*A. S. Wilson,* and *A. M. Hallowell,* for plaintiff in error.

*Lowe & Smith,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are substantially as follows: On July 18, 1884, George Rohlfs filed his bill of particulars against Henry Struber before a justice of the peace of Washington county; on July 23, the summons was issued, returnable July 28, at 10 o'clock A. M.; service of summons was made by leaving a copy of the same, with all the indorsements thereon, at the usual place of residence of the defendant; Struber and his family, however, were absent at the time; on the return-day the plaintiff appeared with his attorneys, but the defendant made default. After hearing the evidence of the witnesses, the court rendered judgment in favor of Rohlfs, against Struber, for two hundred and forty-seven dollars and twenty-five cents, together with costs. The defendant filed an appeal bond, which was approved in writing by the justice, on August 8, 1884. After the case reached the district court, Rohlfs filed his motion to dismiss the appeal, upon the ground that the bond had not been approved and filed in time. Struber alleged he had no actual knowledge that he had been sued by Rohlfs, or that any judgment had been rendered against him, until August 7, 1884, the last day upon which an appeal could be taken; that he immediately prepared his appeal bond, and as soon as possible went to the office and house of the justice to present his bond and have the same approved; that upon his arrival at the house of the justice, about 11 o'clock of the night of August 7, he was found to be absent, attending a dance then going on; that he went in pursuit of the justice and found him, near midnight, two miles from his residence; that he then presented his bond, signed by the sureties, and that the justice accepted the same.

The sole question for our consideration is, whether the trial court erred in dismissing the appeal. The·statute provides that—

"The party appealing shall, within ten days from rendition of the judgment, enter into an undertaking to the adverse

party, with at least one good and sufficient surety, to be approved by such justice, in a sum not less than fifty dollars in any case, nor less than double the amount of the judgment and costs, conditioned: *First*, that the appellant will prosecute his appeal to effect, and without unnecessary delay. *Second*, that if judgment be rendered against him on the appeal, he will satisfy such judgment and costs. Such undertaking need not be signed by the appellant." (Comp. Laws of 1879, ch. 81, § 121.)

The statute further provides that an appeal shall be completed upon the filing and approval of the undertaking. Section 188 requires every justice of the peace to keep a book denominated a docket, in which must be entered by him, if an appeal be taken, the undertaking, and the time of entering into the same, and by which party taken. The certified transcript which the justice transmits to the clerk of the district court, with the papers in the cause, should affirmatively show the appeal has been taken within ten days from the rendition of the judgment; otherwise, upon motion of the appellee, the court may properly dismiss the appeal. Unless the undertaking is presented for approval at the office of the justice, or to the justice himself, within ten days from the judgment, the district court commits no error in dismissing the appeal if a motion be made therefor. There is nothing in the transcript of the justice of the peace in this case which shows the appeal was taken in time. If there are any facts material to appear in a transcript or record of the justice which are untruthfully stated therein, they cannot be corrected or disposed of in the district court in a summary manner upon affidavits. It is claimed, however, that the justice has failed to enter on his docket matters required to be of record, and therefore that these omissions may be supplied by affidavits. If the justice had sent up an incomplete transcript, a diminution of the record might have been suggested, and then, perhaps, upon an amended transcript, all the facts relating to the presentation, approval and filing of the undertaking would have appeared. If Struber presented his bond with sufficient sureties at the office of the justice on August 7,

1884, during business hours, or if the justice accepted and verbally approved the undertaking at any time on August 7, the appeal would be in time, although the filing and written approval by the justice were not entered until the next day, as a justice cannot deprive a party of his right to appeal by an omission to act, either through negligence or design. The omission of a justice to enter his written approval upon an undertaking at the date he accepts the same, or his failure to file the undertaking at the date of its approval, will not deprive a party of his appeal.

If the transcript and records of the justice show that an appeal is not taken in time, and the statements therein are untrue, a direct proceeding must be instituted to correct the record. The matter cannot be inquired into collaterally.

In Iowa, the statute provides that —

"Where an omission or mistake has been made by the justice in his docket entries, and that fact is made unquestionable, the circuit court may correct the mistake, or supply the omission, or direct the justice to do so." (Section 3586, Code of Iowa of 1873.)

In this state we have no similar statute, and therefore the practice in Iowa is not permissible here.

The order and judgment of the district court will be affirmed.

All the Justices concurring.