## GEORGE BUBB, et al., v. ROGER CAIN.

1. APPEAL *from Justice, How Effected.* In order to effect a valid appeal from the judgment of a justice of the peace, the appellant must, within ten days from the rendition of the judgment, place in the hands of the justice, or in his office, a proper appeal bond.

2. ———— *Defects of Appeal, not Waived.* Where an attempt to take an appeal from the judgment of a justice of the peace to the district court is made by filing an appeal bond with the justice more than ten days after the rendition of the judgment, the supposed appellee does not waive the defects of the appeal by appearing in the district court for the purpose of questioning the jurisdiction of the court to hear and determine the case on the ground that no valid appeal has been taken.

*Error from Rice District Court.*

ON October 27, 1885, *Roger Cain* commenced an action against *George Bubb* and *Joseph Herdock,* before John Van Patten, a justice of the peace of Sterling township, Rice county, for the recovery of $200. A trial was had before the justice, and on November 27, 1885, a judgment was rendered in favor of the plaintiff and against the defendants for $180 and costs, and afterward an appeal was attempted to be taken by the defendants to the district court. On January 5, 1886, the plaintiff appeared in the district court by F. P. Green, his attorney, and filed the following motion and affidavit:

#### MOTION.

"Comes now the plaintiff by F. P. Green, his attorney, and moves the court to issue an order to John Van Patten, a justice of the peace of Sterling township, Rice county, Kan-

sas, and before whom the above-entitled cause was originally tried, requiring said John Van Patten to certify up to this court a true and correct transcript of the proceedings had before him in said above-entitled cause; and for grounds of said motion says:

"1. That the transcript of said proceedings now on file does not set forth that any appeal bond was filed in said court, nor does it set forth that any appeal from the judgment rendered by said John Van Patten was taken.

"2. That the appeal bond filed in said cause was filed on, to wit, the 15th day of December, after the time for an appeal being taken in said cause had expired, and that said transcript fails to show said fact."

### AFFIDAVIT.

"F. P. Green, of lawful age, being first duly sworn, on his oath says: That he has examined the docket of John Van Patten, a justice of the peace of Sterling township, Rice county, Kansas, containing the proceedings had before said John Van Patten in the above-entitled cause, and that he has examined the transcript of said docket filed herein, and that said transcript does not fully set forth all the proceedings had before the said justice.

"Affiant further says that he examined the docket of said John Van Patten on the 8th day of December, 1885, and that at that time no appeal bond had been filed ; and he asked said justice in addition to examine his docket, and he, the said justice, said that no appeal bond had as yet been filed. Affiant further says that the appeal bond filed herein, of December 2, 1885, was in reality filed on or about the 15th day of December, as will appear by an examination of the docket of said justice.                    F. P. GREEN.

"Subscribed and sworn to before me, this 5th day of January, 1886.                    S. J. SMITH,
*Clerk of District Court.*"

This motion was heard, and the following journal entry was made:

"Now on this 6th day of January, 1886, being the second day of the January term of said court, upon the motion of the plaintiff suggesting a diminution of the record of the justice of the peace, John Van Patten, the justice before whom said case was tried; and upon the hearing of said motion the court, after hearing the arguments of counsel, orders that John Van Patten, the justice before whom said case was tried, do

certify a complete and perfect record in said case, showing the filing of appeal bond in said case, and the time of filing said appeal bond."

On January 11, 1886, the justice of the peace returned an amended transcript of his proceedings in the case, showing among other things the following: "Defendants ordered an appeal. The undertaking on appeal filed and approved December 15, 1885." On the same day the plaintiff, by his attorney, filed the following motion:

"Comes now the plaintiff, by F. P. Green and Lasley & Perry, his attorneys, appearing specially for the purposes of this motion, and moves the court to dismiss the appeal taken by defendants in the above-entitled action, and for ground of said motion says: that said appeal was not taken within ten days after the rendition of judgment as is by law required, reference being had to the amended transcript filed herein, which is made a part of this motion."

At the May Term of the court following, this motion was heard and sustained, and the appeal dismissed, and the defendants were adjudged to pay the costs of the appeal. To reverse this judgment, the defendants bring the case to this court.

*M. A. Thompson,* for plaintiffs in error.

*F. P. Green,* and *A. M. Lasley,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: The sole question presented for consideration in this case is, whether the district court erred in dismissing the appeal. The judgment of the justice of the peace was rendered on November 27, 1885. An appeal bond was properly drawn up, signed, and inclosed in a letter, and this letter was properly registered and deposited in the post office at Ellinwood on December 2, 1885, and addressed to John Van Patten, the justice of the peace, at Sterling, Kansas, where he received his mail, and the letter was received at that post office on the same day, but the justice did not call for it, or receive it, or even know that it was there, until December 14,

1885, when he received it, and on the next day he approved the bond and filed the same in the case. We do not think that this constitutes a good appeal. In order to effect a valid appeal, the appeal bond must be filed with the justice "within ten days from the rendition of the judgment." (Justices Code, §§ 121, 122.) It is the duty of the party attempting to appeal, to see that the appeal bond is placed in the hands of the justice, or in his office, within the time required by law, and if it is not, no valid appeal is taken.

It is claimed, however, that in this case the appellee waived the irregularity in the taking of the appeal, by making a general appearance in the case in the district court. We do not think, however, that any such appearance was made. No appearance at all was made to the merits of the action, and no appearance was made admitting the jurisdiction of the court generally in the action; but the appearances that were made were clearly made for the purpose of questioning the jurisdiction of the court to finally hear and determine the case. The first appearance was to file a motion and affidavit showing that in fact no legal appeal had been taken, and therefore that the district court did not have jurisdiction to hear and determine the case, and asking for a complete transcript showing affirmatively such want of jurisdiction. The next appearance was to file a motion to dismiss the appeal, for the reason that no legal appeal had been taken, and therefore that no jurisdiction to hear and determine the case had been obtained. Clearly there was no intended waiver in this case of the defects in taking the appeal; and we do not think that any of the appearances that were made constituted any waiver of such defects.

We do not think that the court below committed any error in dismissing the appeal, and therefore its judgment will be affirmed.

All the Justices concurring.