THE STATE OF KANSAS v. MOLLIE LEIGH.

CRIMINAL CASE—*Appeal from a Justice.* To effect an appeal in a crimi-
nal trial before a justice of the peace, upon a judgment of convic-
tion, the appellant must, within twenty-four hours after the rendition
of the judgment, enter into a recognizance to the state, in the sum
and with sureties to be fixed and approved by the justice before
whom the trial was had. Simply going to the office of the justice of
the peace at the dinner hour, with a recognizance, during the statu-
tory time allowed, is not sufficient.

*Appeal from Geary District Court.*

THE opinion states the case.

*Thomas Dever,* for appellant.

Opinion by GREEN, C.: The facts material to this case are
substantially as follows: On the 6th day of May, 1890, the
appellant was tried before a justice of the peace and a jury,
in Junction City, Geary county, and convicted of violating
the prohibitory law. Judgment was rendered against her on
the same day, by the justice of the peace, at 2:50 P.M. Upon
the following day, the attorney for the defendant went to the
office of the justice of the peace with a recognizance, a few
minutes before one o'clock in the afternoon, but found the
door locked. The attorney, being engaged in the trial of an-
other case before another justice of the peace in the same city,
did not return to the justice's office before whom the defend-
ant was tried until a quarter to five o'clock on the same after-
noon, when the bond was declined, for the reason that the
twenty-four hours had expired in which a recognizance could
be accepted. Subsequently the bond was presented to the
justice, who made the following indorsement thereon: "This
bond presented for filing and approved on May 7, 1890, at
4:45 P.M. of that day, and by me accepted and approved as
of that date and hour." The papers were transmitted to the
district court, and a motion was made and sustained to dismiss

the appeal, for the reason that the same had not been taken in time. The appellant brings the case here and insists that the appeal was taken within the twenty-four hours after the rendition of the judgment; that the recognizance was at the office of the justice of the peace within the statutory time. The language of the statute is:

"No appeal shall be granted or proceedings stayed, unless the appellant shall within twenty-four hours after the rendition of such judgment, enter into a recognizance to the state of Kansas, in a sum and with sureties to be fixed and approved by the justice before whom said proceedings were had, conditioned for his appearance at the district or criminal court of the county, at the next term thereof, to answer the complaint against him." (Gen. Stat. of 1889, ¶ 5454.)

There is nothing in the record to show that this recognizance was filed in time. The defendant had the right of appeal, and to complete that right certain conditions were imposed upon her, viz., the giving of a bond, to be approved by the justice before whom she had been convicted, within twenty-four hours after judgment. This she did not do. It is clearly the duty of the party wishing to effect an appeal in a criminal case to see to it that the recognizance is furnished and delivered to the justice of the peace within the statutory time, and if not delivered in accordance with the requirements of the statute, no valid appeal is effected. While appeals are favored, and substance rather than form should control, the appellant failed to place herself within the provisions of the law granting the right of appeal. If she had presented her recognizance, with sufficient sureties, at the office of the justice of the peace, within the time allowed by law, during business hours, or if the justice had indicated his approval within the twenty-four hours, it would have been good; but this was not done. The attorney for the defendant went to the justice's office at the dinner hour, with the bond, and, not finding the officer, carried it away with him, and made no further effort to furnish a bond until the time had expired. While an appeal cannot be defeated through

any omission of the justice of the peace to make the necessary and proper entries upon his docket, yet the statute must be substantially complied with by the appellant to make an appeal effectual. (*Bubb v. Cain*, 37 Kas. 692; *Struber v. Rohlfs*, 36 id. 202.)

We recommend an affirmance of the judgment of the district court, in dismissing the appeal.

By the Court: It is so ordered.

All the Justices concurring.