## T. McCarthy v. A. H. Holden & Co.

1. Appeal Bond—*Time of Filing.* In order to effect a valid appeal from the judgment of a justice of the peace, the appellant must, within 10 days from the rendition of the judgment, place in the hands of the justice, or in his office, a proper appeal bond. (*Bubb v. Cain,* 37 Kas. 692.)

2. Void Appeal—*Worthless Bond—Jurisdiction.* The filing of a bond or undertaking within 10 days from the rendition of a judgment of a justice of the peace is a jurisdictional act, and if no bond is filed within 10 days no jurisdiction is conferred upon the appellate court. In the case where a bond is filed after the 10 days from the rendition of the judgment have expired, the appeal is void and the bond worthless. The justice continues to have jurisdiction, and the case is not in the district court, and that court has no jurisdiction thereof.

*Error from Pawnee District Court.*

ON May 3, 1886, A. H. Holden & Co. obtained a judgment for $245, "on an open account for goods sold and delivered," against S. D. Fitzgerald, before a justice of the peace in Pawnee county. On May 14, 1886, Fitzgerald executed and filed with the justice a bond signed by himself, J. P. Worrell and T. McCarthy attempting to appeal the case thereby. This was approved by the justice on the same day. On February 21, 1887, judgment by default was entered in the district court of Pawnee county, on the alleged appeal, for $259.85, against Fitzgerald. Then Fitzgerald commenced an action, under § 570, civil code, to set aside and vacate the judgment, and executed a bond, which was approved by the court, staying the execution. After issuing an execution to the sheriff of Rush county, which was returned unsatisfied, A. H. Holden & Co. commenced this action against Fitzgerald, Worrell and McCarthy upon the alleged appeal bond. On October 1, 1889, judgment was taken against all of the defendants for $340.65 and costs; but as no service was had on McCarthy, the judgment was set aside as to him. Thereupon, McCarthy entered his appearance and filed his answer. To this answer Holden & Co. filed a demurrer. The demurrer was overruled, and judgment was entered upon the pleadings on September 25, 1890, against McCarthy, for $348 and costs. He brings the case to this court for review.

*Nelson Adams*, for plaintiff in error.

*W. R. Brown*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The ground of the demurrer of plaintiffs below was, that the answer did not state facts sufficient to constitute any defense.

"Such a demurrer must always be carried back to all the prior pleadings, and be sustained as to the first pleading that is subject to a defect such as is complained of by the demur-

rer. (*Anthony v. Halderman*, 7 Kas. 61; *Hunt v. Bridge Co.*, 11 id. 433.) If the petition should not state facts sufficient to constitute a cause of action, the demurrer should be sustained as against it, and not as against the answer." (*The State, ex rel., v. Comm'rs of Pawnee Co.*, 12 Kas. 426.)

We must therefore decide upon the sufficiency of the petition. In order to effect a valid appeal from the judgment of a justice of the peace, the appellant must, within 10 days from the rendition of the judgment, place in the hands of the justice, or in his office, a proper appeal bond. (*Bubb v. Cain*, 37 Kas. 692; Justices' Act, § 121.) The petition shows affirmatively that no bond for any appeal was filed within 10 days from the rendition of the judgment. (*Struber v. Rohles*, 36 Kas. 202.) Therefore, in the case of Holden & Co. *v.* Fitzgerald, the appeal was not merely irregular, but it was absolutely void. (*Dowell v. Caruthers*, 26 Kas. 720.) There was no appeal taken within 10 days from the rendition of the judgment. The filing of a bond is a jurisdictional act, and if no bond is placed in the hands of the justice, or in his office, within 10 days, no jurisdiction is conferred upon the appellate court. There is no appeal; there is no bond. The bond filed would not and ought not to have stayed the judgment, or the issuance of an execution thereon. As the bond was filed too late, Fitzgerald never took any appeal, never prosecuted any appeal, and therefore never appeared in the district court at the trial of the claim of Holden & Co. The bond was absolutely void, and McCarthy is not liable thereon.

The judgment of the district court will be reversed, and the cause remanded with direction to that court to sustain the demurrer.

All the Justices concurring.