## J. P. WILSON v. J. J. PAXTON.

### No. 330.

APPEAL FROM JUSTICE'S COURT—*Amendment of Transcript.* It is not error for the district court, upon an appeal from a justice of the peace, to allow the transcript to be amended so as to show the rendition and entry of the judgment that was in fact rendered.

Error from Johnson district court; JOHN T. BURRIS, judge.   Opinion filed April 8, 1898.   Affirmed.

*Parker & Hamilton,* and *Ogg & Scott,* for plaintiff in error.

*J. P. Hindman,* and *C. L. Randall,* for defendant in error.

The opinion of the court was delivered by

WELLS, J. : The only question in this case is, May the district court, upon an appeal from a justice of the peace, allow the transcript to be amended so as to show the rendition and entry of the judgment which was in fact rendered?

The evidence upon the motion to dismiss fully justified the district court in finding, as it evidently did, that judgment was actually rendered by the justice of the peace at the close of the trial, and that the plaintiff was informed of the same and took his appeal accord-

ingly. In *Jackson v. Latta*, 15 Kan. 216, it was held that the trial court could in such cases, upon notice, make a *nunc pro tunc* order entering up such judgment at any time, and section 14, chapter 103, General Statutes of 1897, makes the code generally applicable to justices' courts.

In *Struber v. Rohlfs*, 36 Kan. 202 (12 Pac. Rep. 830), it is held: "If the party appealing does all the law requires of him to entitle himself to an appeal, the justice cannot deprive him of this right by an omission to act, either through negligence or design." We are clearly of the opinion that a judgment was rendered by the justice of the peace that would have been binding on the plaintiff below had not an appeal been taken. From this judgment he promptly appealed and was entitled to have the record and transcript amended so as to show the facts, and there was no error in the district court allowing this to be done.

The judgment of the court below will be affirmed.