LIZZIE ANDERSON, *Appellant*, v. CHARLES HASLETT *et al.*, *Appellees.*

No. 16,274.

SYLLABUS BY THE COURT.

1. APPEAL BOND—*Approval by the Trial Magistrate.* Where a party desires to appeal from a judgment of a city court, and within ten days from the rendition of the judgment files with the clerk of such court a bond conditioned as required by law, with sufficient surety, he has done all that is required of him to perfect his appeal and can not be deprived of his rights by the failure or neglect of the judge of such court to approve the bond until after the time for appeal has expired.

2. ——— *Appeal from Justice of the Peace.* Where the judgment appealed from is rendered in a justice court the filing of a sufficient bond with the justice is all that is required to perfect the appeal.

Appeal from Shawnee district court; ALSTON W. DANA, judge. Opinion filed January 8, 1910. Reversed.

*D. C. Tillotson,* for the appellant.

*W. F. Schoch,* and *Philip C. Wilson,* for the appellees.

The opinion of the court was delivered by

PORTER, J.: The appellant desired to appeal to the district court from a judgment rendered against her in the court of Topeka, and within proper time filed a bond conditioned as required by law, with good and sufficient surety. The bond was approved by the clerk of the latter court but was not approved by the judge. In the district court a motion to dismiss the appeal was sustained. Thereupon the appellant procured the approval of the bond by the judge of the court of Topeka, after more than ten days had elapsed from the rendition of the judgment, and the case was again brought to the district court. A motion to dismiss was again sustained, and of this ruling she complains.

One reason urged by the appellees in support of the judgment of dismissal is that the ruling of the district court on the first motion is *res judicata*. This contention is easily disposed of. When the first appeal was dismissed the bond had not been approved by the judge of the lower court, and the bond which the district court was obliged to pass upon in sustaining the second motion was not the same. The first ruling was, therefore, not an adjudication upon the same facts; there was identity of parties but not of subject matter.

The real question to be determined is whether the failure to have the bond approved within the ten days invalidated the appeal. Although the court of Topeka is provided with a clerk, its practice and procedure are the same as those of a justice of the peace. The statute providing for an appeal from a justice reads:

"The party appealing shall, within ten days from the rendition of judgment, enter into an undertaking to the adverse party, with at least one good and sufficient surety, to be approved by such justice, in a sum not less than fifty dollars in any case, nor less than double the amount of the judgment and costs," etc.

"The appeal shall be complete upon the filing and approval of the undertaking as provided in section 121." (Jus. Civ. Code, §§ 121, 122.)

It is true, as the appellees contend, that the statute contemplates that the bond shall be filed and approved within ten days. But when the bond is filed it becomes the duty of the justice to approve or disapprove it. Ordinarily there is no reason for delay. And where the appellant has done all that is required of him, has presented a bond within the proper time, conditioned as provided by law, with good and sufficient surety, he should not be deprived of his rights through any oversight or neglect·of the justice in failing to approve the bond until after the time for an appeal has expired. Section 122 of the justices' civil code makes it the duty of the justice when an appeal is taken to send his transcript to the clerk of the district court within twenty days from the rendition of the judgment; but in *St. L., L. & D. Rld. Co. v. Wilder,* 17 Kan. 239, it was held that a failure of the justice to send up the transcript until after twenty days was not the fault of the appellant and would not invalidate the appeal. The justice may not arbitrarily refuse to approve a bond. Where a bond in proper form, with sufficient surety, is filed within time, his duty in such a case is purely ministerial, and its performance will be compelled by mandamus. This court has compelled the approval of similar bonds, even after the time for approval had expired. In *The State, ex rel. Ayres, v. Stockwell,* 7 Kan. 98, where the clerk of the district court refused to approve a good and sufficient bond in the contest of a county-seat election, he was compelled by mandamus to approve it long after the twenty days within which it should have been approved in order to perfect the proceedings had expired. Again, in *Cox v. Rich,* 24 Kan. 20, the same question was before the court. The syllabus in that case reads:

"Where the party appealing from the final judgment of a justice of the peace to the district court of the county where the judgment is rendered shall, within ten days from the rendition of the judgment, enter into an undertaking to the adverse party, conditioned as

required by law, with good and sufficient surety, in a sum double the amount of the judgment and costs, it is the duty of the justice of the peace to file and approve the undertaking; and *held*, that the performance of this duty may be enforced by mandamus."

It is elementary that mandamus will not be granted where, by reason of lapse of time, the writ would be useless and unavailing (*Rice v. County Board of Canvassers*, 50 Kan. 149, 154), as where the time within which the act may be lawfully performed has expired. (26 Cyc. 149.) So, in *State v. Secrest*, 33 Minn. 381, where the court to which the appeal was taken ceased to have jurisdiction, it was held that mandamus would not lie to compel the court to act. But the logic of the cases we have cited wherein the approval of similar bonds has been compelled after the statutory time had expired is that jurisdiction had not ceased by the failure of the officer to perform his ministerial duty.

The point is made that something more is required of the party who appeals than merely to file a sufficient bond; that in order to perfect his appeal he must, within proper time, present the bond to the justice for approval; and it is claimed that the record shows that the bond was not presented to the judge for approval until after the ten days had elapsed. Whatever may be the rule as to the effect of the mere filing of papers with the clerk of a court of record, manifestly any instrument, pleading or paper that is filed with a justice must be regarded as presented to him when it is filed. In order for it to be filed the justice must indorse it, and it becomes his duty to enter it upon his docket. If the instrument be an appeal bond it is his duty at once to determine whether it is sufficient in form, and, unless there is some necessity for an inquiry as to the sufficiency of the surety, to approve or disapprove the bond. It is his duty in any event, where an appeal bond is filed within proper time, to pass upon it before the time for appeal has expired. No difference results from the fact that the court of Topeka is provided with a clerk.

That and other similar courts which the legislature in recent years has created are, in practice and procedure,. justice courts.

It is not claimed that the judge of the court of To- peka acted arbitrarily or was negligent in failing to. approve the bond within time. It appears that he acted promptly when the bond was actually brought to his. attention. His approval of the bond, although indorsed after the time had expired, settles any question as to its being a good and sufficient bond for the purpose of an appeal. The appellant therefore had filed a good and sufficient bond within time, and had done all that she was required to do to complete her appeal. The failure of the officer to approve it within ten days was merely a failure to perform a ministerial act, for which she was in no sense responsible, and can not affect her rights.

When the motion to dismiss was first made leave of the district court should have been obtained to with- draw the bond from the files for the purpose of having it marked "approved," as the bond itself showed on its. face that it had been filed in the lower court within proper time.

The judgment is reversed and the cause remanded with directions to proceed in accordance with these views.