No. 21,353.

FRANK BISHOP, *Appellee*, v. A. A. FOLEY and MRS. A. A. FOLEY, *Appellants*.

### SYLLABUS BY THE COURT.

1. JUDGMENT—*City Court—Time Within Which to Appeal.* To effect an appeal from a judgment rendered by the city court of Atchison, an appeal bond must be filed in that court within ten days from the rendition of the judgment.

2. SAME—*Motion for New Trial—Waiver of Jurisdiction.* The right to object to the jurisdiction of the city court of Atchison to hear a motion for a new trial, when more than five days have elapsed after the rendition of a judgment, is not waived by participating in the hearing of the motion, by taking part in the trial in the district court after the cause has been appealed, or by filing a motion for a new trial in the latter court, if timely objection is made in each court.

Appeal from Atchison district court; WILLIAM A. JACKSON, judge. Opinion filed June 8, 1918. Reversed.

*Ralph U. Pfouts,* of Atchison, for the appellants.

*E. W. Clausen,* of Atchison, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action in the city court of Atchison to recover on a promissory note. On March 17, 1915, judgment was rendered in favor of the defendants for $125. On March 20, 1915, the plaintiff filed a motion for a new trial, and on April 3, 1915, the motion was called for hearing. The docket of the city court recites the following:

"The defendants objected to the hearing of such motion for new trial for the reason the same had not been heard and determined by the court within five days from the date of trial, such objection was by the court overruled, and thereupon plaintiff filed the affidavit of H. C. Walcott and the defendants claiming surprise asked that further hearing of the motion for a new trial be continued to April 7th, 1915, at 9 o'clock a. m. and this was done."

Bishop v. Foley.

On April 7, 1915, after the defendants had filed affidavits, the motion was denied.   On April 17, 1915, the plaintiff appealed to the district court.   In that court the defendants filed a motion to dismiss the appeal.   That motion was denied, and a trial was had which resulted in a judgment in favor of the plaintiff for $300.   The defendants then filed a motion for a new trial, which motion was overruled.   Soon thereafter they filed an application for a rehearing of the motion to dismiss the appeal. That application was also denied.

1.   The defendants contend that the district court should have allowed their motion to dismiss the appeal, and, in support of this contention, argue that the appeal should have been taken within ten days after the rendition of the judgment.   The statute creating the city court of Atchison provides that—

"All the laws of this state relating to the powers, duties and jurisdiction of the justices of the peace, and practice, pleadings and proceedings in justice courts, which are not in conflict with the provisions of this act, shall apply to said city court and the judge thereof, and to the mode of practice therein, and to the power thereof, original, mesne, and final, so far as the same may be applicable."· (Gen. Stat. 1915, § 3148.)

To effect an appeal from a judgment rendered by a justice of the peace, an appeal bond must be filed in that court within ten days from the rendition of judgment.   (Jus. Civ. Code, § 121, Gen. Stat. 1915, § 7824.)   If such a bond is not filed within that time, and if proper objection is made, the district court should not try the action.   (*Dowell v. Caruthers,* 26 Kan. 720; *Struber v. Rohlfs,* 36 Kan. 202, 12 Pac. 830; *Bubb v. Cain,* 37 Kan. 692, 16 Pac. 89; *McCarthy v. Holden,* 54 Kan. 313, 38 Pac. 261.)

2.   The plaintiff argues that his appeal should not be dismissed, because the defendants waived all irregularities by participating in the motion for a new trial in the city court, by taking part in the trial in the district court, and by filing a motion for a new trial in the latter court.   Section 110 of the justices' civil code reads:

"The justice before whom a cause has been tried, on motion of the party aggrieved, at any time within five days after the decision or verdict, shall vacate the decision or verdict and grant a new trial, for the same reasons and upon the same terms and conditions as provided in the code of civil procedure in like causes; and he shall set a time for a new trial, of which the opposite party shall have at least three days' notice." · (Gen. Stat. 1915, § 7811.)

In *Kerner v. Pétigo*, 25 Kan. 652, this court said:

"Where a case is tried before a justice of the peace without a jury, and the justice renders a judgment therein, the justice has no power, five days thereafter, to entertain a motion for a new trial, and to grant the new trial." (syl.)

Holding the motion for a new trial under consideration for more than five days after judgment was an irregularity which might have been waived. (*Scott v. Kreamer, Justice*, 37 Kan. 753, 16 Pac. 123; *Woodward v. Fish Co.*, 38 Kan. 283, 16 Pac. 456.) But the defendants, by their conduct, did not waive that irregularity, for the reason that they made timely and proper objection to the hearing of the motion in the city court, and to the jurisdiction of the district court. (*Dickerson v. B. & M. R. Rld. Co.*, 43 Kan. 702, 23 Pac. 936; *McIntosh v. Wheeler*, 58 Kan. 324, 49 Pac. 77; *Hartzell v. Magee*, 60 Kan. 646, 57 Pac. 502; *Thompson v. Greer*, 62 Kan. 522, 524, 64 Pac. 48.)

The judgment is reversed, and the district court is directed to dismiss the appeal.