**PLEASANT HILL OIL CO. v. VOORHEES et al.**

No. 10106—Opinion Filed May 17, 1921.

(Syllabus.)

**1. Justices of the Peace — Perfection of Appeal—Undertaking.**

An appeal from the judgment of a justice of the peace shall be complete upon the filing and approval of the undertaking.

**2. Same—Stay of Proceedings in Justice Court by Appeal.**

All further proceedings before the justice of the peace in the case shall cease and be stayed on the filing of the undertaking with said justice and its approval.

**3. Same—Dismissal of Appeal—Remand—Effect.**

When such appeal is dismissed by the appellate court, the cause shall be remanded to the justice of the peace to be thereafter proceeded with as if no appeal had been taken.

**4. Same—Issuance of Execution by Justice Court Before Remand.**

A justice of the peace does not have jurisdiction to issue an execution on a judgment rendered by him after the appeal bond has been filed and approved and before such cause has been remanded back to the justice of the peace by the appellate court.

**5. Same—Void Execution—Relief by Injunction.**

Such execution so issued when the justice of the peace does not have jurisdiction to issue the same is void, and injunction is the proper remedy to enjoin a levy under such void execution, or the issuing of any further executions, or an attempt to collect such judgment so appealed from.

Error from Superior Court, Creek County; Gaylord R. Wilcox, Judge:

Action by the Pleasant Hill Oil Company, for injunction against F. D. Voorhees, A. J. Bell, and Thomas Sutherland. Judgment denying injunction, and plaintiff appeals. Reversed.

Chas. B. Steele, Edwin A. Ellinghausen, and John G. Ellinghausen, for plaintiff in error.

Grace Arnold and W. D. Cope, for defendants in error.

MILLER, J. This action was commenced in the superior court of Creek county by the Pleasant Hill Oil Company, a corporation, for the purpose of obtaining an injunction against F. D. Voorhees and defendant A. J. Bell, as justice of the peace, and Thomas Sutherland, as constable, to enjoin the issuing and levying of an execution on a judgment in favor of F. D. Voorhees rendered in the justice court before A. J. Bell. The parties will be referred to as they appeared in the court below.

The facts as disclosed by the record are as follows:

On June 13, 1916, F. D. Voorhees, as plaintiff, filed his bill of particulars in the court of R. G. Clements, a justice of the peace of Drumright in Creek county, against the Pleasant Hill Oil Company. to recover damages the said F. D. Voorhees claimed to have sustained by reason of the wrongful acts of the Pleasant Hill Oil Company in evicting the plaintiff from his residence. Thereafter A. J. Bell was elected justice of the peace as successor to R. G. Clements. Various continuances were had in this case,

and on March 24, 1917, the cause having been regularly set for trial and the defendant failing to appear, a default was taken before A. J. Bell, justice of the peace, but owing to the fact that the papers had been lost, the said justice of the peace took the case under advisement for three days, and this statement appears in his order:

"This court further finds that he will withhold rendition of judgment upon this findings until March 27, 1917, awaiting a further search for the files."

Thereafter, and on March 27, 1917, the said by A. J. Bell, justice of the peace, rendered judgment in favor of the plaintiff, F. D. Voorhees, and against the defendant, Pleasant Hill Oil Company, for the sum of $103,15. The record of the justice of the peace shows that an appeal was asked and granted and the bond approved. This bond was approved by A. J. Bell, justice of the peace, and is so certified by him on the justice docket. This entry on the docket is not dated, but evidence was introduced on the injunction proceedings in which A. J. Bell, justice of the peace, testified that according to his recollection it was on the evening of the 27th that the bond was filed. John R. Hadley, president of the Pleasant Hill Oil Company, testified that it was on the 27th, the date the judgment was rendered, that he filed the appeal bond with A. J. Bell as justice of the peace. A. J. Bell further testified the appeal was taken to the county court of Creek county, and that within ten days he mailed the papers in the case, together with the appeal bond and transcript of the record, to the clerk of the county court at Sapulpa. There can be no question but that the Pleasant Hill Oil Company filed its appeal bond and designated the court to which the appeal was taken within the ten days after judgment was rendered.

John R. Hadley further testified that sometime thereafter he went to the county court at Sapulpa to find out when the case would be set for trial, and was then informed that the papers had not arrived in that court. He left word with Judge Frazier, the county judge, requesting that he be notified when they came. He afterwards made further inquiry, but the papers were not there. It is admitted that the papers in the appeal never did arrive in the office of the clerk of the county court of Creek county.

Thereafter the attorneys for F. D. Voorhees made repeated demands upon the Pleasant Hill Oil Company to get their appeal lodged in the appellate court and threatening, if they failed to do so, that execution would be issued by the justice of the peace. Pursuant to these demands and the failure of

the Pleasant Hill Oil Company to comply therewith, the plaintiff, Voorhees, demanded and caused an execution to be issued by A. J. Bell, justice of the peace, and placed it in the hands of Thomas Sutherland, as constable, to be executed according to law. This action was brought for the purpose of enjoining the constable from levying said execution, and enjoining the justice of the peace from issuing any further executions on said judgment, and enjoining F. D. Voorhees from attempting further to collect said judgment so rendered by the said A. J. Bell as justice of the peace on March 27, 1917.

A temporary injunction was granted by the superior court of Creek county and a trial was had on the petition of the plaintiff herein for a permanent injunction. At the close of plaintiff's testimony, defendants demurred to the evidence. The demurrer was sustained and judgment, vacating the temporary injunction and denying permanent injunction, was rendered against the plaintiff. From this judgment the plaintiff appealed and assigns five specifications of error. These may all be summed up in one question: Did the justice of the peace have jurisdiction to issue the execution? He certainly did not.

The trial court fell into the error of trying to decide where jurisdiction was in the case of Voorhees against the Pleasant Hill Oil Company. That is not the question that confronted the trial court, neither is it the question that confronts this court, and we are not expressing any opinion on that.

Counsel for plaintiff in error cite a number of authorities, some of which bear upon this question, but none of which have decided the exact question presented here under a similar state of facts. Counsel for defendants in error say they are unable to cite any decisions or opinions in point with the conditions and circumstances like the case at bar, although a diligent search has been made.

Section 5465, Revised Laws 1910, relating to appeals from the justice of the peace, is as follows:

"In all cases not otherwise specifically provided for by law, either party may appeal from the final judgment of the justice of the peace to the district, superior or county court of the county, and the party appealing shall advise the justice of the court to which the appeal is to be transferred, and the justice shall thereupon enter upon his docket an order specifying the court having jurisdiction of such appeal. The appeal bond hereinafter provided for shall also designate the court to which the appeal is taken."

It appears that the justice of the peace did not enter upon his docket an order speci-

fying the court having jurisdiction of such an appeal, but this was not the fault of the appellant, and the failure of the justice to so enter the order on his docket does not defeat the appeal, for section 5467, Revised Laws of 1910, provides:

"The appeal shall be complete upon the filing and approval of the undertaking or statement and affidavit. The justice shall immediately make out a certified transcript of his proceedings in the cause, and shall, within twenty days from the rendition of the judgment, deliver or transmit to the clerk of the county, superior or district court of his county the said transcript, the undertaking on appeal, and all the papers in the cause: all further proceedings before the justice of the peace in the case shall cease and be stayed on the filing of the undertaking with said justice; no notice of appeal shall be required to be filed or served, and the case shall be tried de novo in the appellate court upon the original papers on which the cause was tried before the justice, unless the appellate court, in furtherance of justice, allow amended pleadings to be made, or new pleadings to be filed."

The Supreme Court of Kansas, in the case of St. Louis-S. F. R. Co. v. Hurst, 52 Kan. 609, 35 Pac. 211, says:

"An appeal from the judgment of a justice of the peace is complete upon the filing and approval of the appeal bond or undertaking within ten days from the rendition of the judgment."

In Anderson v. Haslett, 81 Kan. 532, 106 Pac. 296, the syllabus reads:

"Where a party desires to appeal from a judgment of a city court, and within ten days from the rendition of the judgment files with the clerk of such court a bond conditioned as required by law, with sufficient surety, he has done all that is required of him to perfect his appeal and cannot be deprived of his rights by the failure or neglect of the judge of such court to approve the bond until after the time for appeal has expired.

"Where the judgment appealed from is rendered in a justice court, the filing of a sufficient bond with the justice is all that is required to perfect the appeal."

In Chicago, R. I. & P. Ry. Co. v. Moore, 34 Okla. 199, 124 Pac. 989, paragraph three of the syllabus reads:

"An appeal from a judgment of a justice of the peace is perfected upon the filing and approval of the appeal bond or undertaking within ten days from the rendition of judgment and when such bond accompanied by a transcript of the justice of the peace, and all the papers in the case, is received by the county court, said court is thereupon vested with jurisdiction of the action."

Under these sections of the statute and the Kansas and Oklahoma authorities above cited, it is clear that the Pleasant Hill Oil Company had appealed to the county court of Creek county from the judgment of the justice of the peace when it filed its appeal bond and the same was approved by the justice of the peace. Section 5467, supra, then provides:

"All further proceedings before the justice of the peace in the case shall cease and be stayed on the filing of the undertaking with said justice."

If all further proceedings are stayed, the hand of the justice is stayed from issuing an execution.

Section 5469, Revised Laws of 1910, provides in part as follows:

"If the appeal be dismissed, the cause shall be remanded to the justice of the peace to be thereafter proceeded in as if no appeal had been taken."

This makes it very clear that when the appeal has once been taken, the hand of the justice is stayed until the appeal has been dismissed by the court to which it is appealed and remanded back to the justice court. This appeal had never been remanded back, therefore, the hand of the justice was stayed and he could not issue the execution. The attempt on the part of the justice of the peace to issue an execution when by the statutes all proceedings were stayed, was a nullity and its act was coram non judice and void.

The plaintiff in this case invoked the proper remedy, and the permanent injunction should have been granted.

The judgment of the superior court of Creek county is reversed, and the cause remanded, with instructions to overrule the demurrer to the evidence and grant the permanent injunction.

HARRISON, C. J., and KANE, JOHNSON, and KENNAMER, JJ., concur.