## LOOPER v. HOUSTON.

No. 25058.   Oct. 8, 1935.

H. Tumilty, for plaintiff in error.

Gill & Caldwell, for defendant in error.

WELCH, J.   This is an appeal from the county court of Oklahoma county.

The cause was originally instituted in the justice of the peace court and tried to a jury, resulting in a verdict and judgment in favor of plaintiff there, Ruby Turner Looper, for the possession of personal property. Upon appeal to the county court by the defendant, H. A. Houston, the cause was tried to a jury, resulting in a verdict for the defendant. Plaintiff appeals and assigns as error the sole question that the county court erred in failing to dismiss the appeal from the justice of the peace court.

The following facts necessary for a consideration of the question are disclosed by the record: The verdict was returned in the justice of the peace court on November 25, 1931; the justice of the peace signed and filed a journal entry of judgment on December 5, 1931; the appeal bond was tendered and filed with the justice of the peace on December 5, 1931; the justice of the peace delayed approval of the bond for several days pending plaintiff's investigation of the sufficiency thereof, and finally approved the same on December 14, 1931.

The justice of the peace was of the view that the ten-day period to perfect the appeal began on December 5th, the date of signing the journal entry. For that reason and on account of the further fact that the p'aintiff requested time to check the bond tendered by defendant before its approval, the justice of the peace did not act on the bond on the 5th, which was within ten days from the date of judgment, November 25th. But for those facts he would have approved the bond on the 5th.

Plaintiff urges that the appeal bond must be filed and approved within ten days from the rendition of judgment. There is some controversy regarding the date upon which

the judgment was rendered, the defendant contending it was not rendered until December 5th, the date of the journal entry, and the plaintiff contending it was rendered as a matter of law on November 25th, the date of the verdict. The conclusion we have reached, however, renders it unnecessary to decide the question regarding the date of the judgment. It is to be observed that the bond, which was finally approved on December 14th, was tendered and filed within ten days from November 25th. The bond so tendered and filed on December 5th was sufficient under the statute and was the same bond without material change which was approved on December 14th.

Section 1019, O. S. 1931, provides the time in which an appeal bond must be given, as follows:

"The party appealing shall, within ten days from the rendition of judgment, enter into an undertaking to the adverse party with at least one good and sufficient surety, to be approved by such justice. * * *"

Section 1022, O. S. 1931, provides in part as follows:

"The appeal shall be complete upon the filing and approval of the undertaking or statement and affidavit."

It is p'aintiff's position that under the above-quoted statutory provisions the appeal bond must be both filed and approved by the justice of the peace within ten days from the rendition of the judgment. She relies principally upon Missouri, O. & G. Ry. Co. v. O'Neal, 52 Okla. 527, 152 P. 1071, as sustaining her position, and particularly the following language contained in the body of the opinion:

"* * * It appears from the face of the record, at the time the motion to dismiss was filed, that the appeal had not been properly perfected, inasmuch as the transcript did not show that the appeal bond had been approved by the justice of the peace. Section 5467, Rev. L. 1910, provides that the 'appeal, shall be complete upon the filing and approval of the undertaking,' hence this statute makes the 'approval' of the undertaking on appeal as essential as the 'filing' within ten days from the date of judgment. * * *"

We have carefully examined the O'Neal Case, supra; the same does not support the plaintiff's position. A reference to the syllabus discloses that the questions there decided were that an application to correct transcript was not timely, and that no abuse of discretion is shown in the action of the trial court in dismissing the appeal. There no approval of the appeal bond at any time is shown. The language which we have quoted from the body of the opinion was intended only to express the view that under the statutes the appeal bond must be tendered or filed within ten days from the rendition of judgment, and actually approved by the justice before the appeal was perfected.

In the case before us the appeal bond was tendered and filed within ten days from the date of judgment, and the bond so tendered was approved by the justice within a reasonable time, and without unnecessary delay caused by the party presenting same. No question of delay in prosecuting the appeal is presented here as was done in the O'Neal Case, supra.

Our consideration of the quoted provisions of the statute leads us to the conclusion that the party desiring to appeal has the duty of tendering to or placing in the hands of the justice of the peace an undertaking to the adverse party, with at least one good and sufficient surety, within ten days from the rendition of judgment. If he performs such duty by tendering sufficient bond within the time, failure of the justice to perform his duty in either filing or approving the bond within the ten-day period is not chargeable to the party desiring to appeal, for he is then without fault.

This court, in discussing the duties and obligations of the parties and of the justice of the peace, notably in the case of Chicago, R. I. & P. Ry. Co. v. Moore, 34 Okla. 199, 124 P. 989, has said:

"The giving of the appeal bonds must necessarily be done by the appellant, while the making of the transcripts is a duty, under the statute, of the justice of the peace. In Struber v. Rohlfs, 36 Kan. 202, 12 P. 830, it was held that a justice of the peace cannot deprive a party of his, right to appeal by an omission to act, either through negligence or design, and that the omission of a justice to enter his written approval upon an undertaking at the date he accepts the same, or his failure to file the undertaking at the date of its approval, will not deprive the party of his appeal."

See, also, Struber v. Rohlfs, 36 Kan. 202, 12 P. 830, and Chicago, R. I. & P. Ry. Co. v. Elsing, 52 Ok'a. 329, 152 P. 1091. We consider the reasoning employed by the court in those cases applicable to the facts presented here.

Finding no error in the action taken by the trial court, the cause is affirmed.

McNEILL, C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.