No. 38,540

MRS. VESPER M. GEILE, doing business as VESPER REALTY COMPANY, *Appellee,* v. HILDA RUTH KNOWLES and JOHN W. KNOWLES, *Appellants.*

(241 P. 2d 509)

Opinion filed March 8, 1952.

*William Keith,* of Wichita, was on the briefs for the appellants.

*Harold H. Malone,* of Wichita, was on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal from an order of the district court dismissing an appeal from a city court.

The only question presented is whether the appeal to the district court was perfected in time. A money judgment was rendered against appellants in the city court of Wichita on December 13, 1950. They had ten days therefrom within which to file a notice of appeal and bond in that court. (G. S. 1949, 61-1001.) The last day was Saturday, December 23. The transcript filed in the district court showed the notice of appeal and bond were filed December 26, 1950.

On the hearing of appellee's motion in the district court to dismiss the appeal counsel for the parties stipulated the court could consider an affidavit executed and filed by counsel for appellants as reflecting the circumstances and actions of appellants attending the taking of the appeal. The affidavit reads:

"WILLIAM KEITH, being first duly sworn deposes and says: That he is and during all times herein mentioned was employed and acting as attorney for the defendants in the above entitled case; that on the 23rd day of December, 1950, he as such attorney duly prepared and served personally upon Harold H. Malone as Attorney of Record for plaintiff in the above entitled case then pending in the City Court of Wichita as Case No. 96769 a good and sufficient Notice of Appeal of said case to the District Court of Sedgwick County, Kansas, from the judgment rendered therein by said City Court on the 13th day of December, 1950; also good and sufficient statutory appeal and stay bonds from such appeal therein; that forthwith after the service as aforesaid of said Notice of Appeal on Saturday morning the 23rd day of December, 1950, and during the statutory and usual hours the Clerk's office remains open and one of the Judges of said court is present. Affiant went to the Sedgwick County Court House for the purpose of duly filing said Notice of Appeal and said Bonds and found the entire Court House securely locked up and he was unable to obtain admission thereto or to the office of the Clerk of said Court or to find said Clerk or a Judge of said court at or about said Court House; that said Court House remained locked as aforesaid and said Clerk and the Judges of said court remained absent therefrom all of said day, and inaccessible to affiant and all persons desiring to transact business therein, and on the following Sunday and on Christmas Day, December 25th, by Order of the County Commissioners of said County; that on the following Tuesday morning December 26th, 1950, upon the opening of said Court House and the office of the Clerk of said court, affiant duly filed said Appeal papers in said Clerk's office and obtained Judge Ashford's approval of said Bonds, as of date of December 23rd, 1950; and said case has been duly transferred to said District Court and is now precipied for trial therein."

This affidavit and the transcript appear to be all the evidence presented. The district court dismissed the appeal on the ground it was not perfected in time. G. S. 1949, 61-1001 reads:

"All appeals from justice of the peace and city and county courts in civil cases shall be by notice of appeal specifying the order, ruling, decision or judgment complained of, *and shall be filed in the court* from which the appeal is taken within ten days from the date of such order, ruling, decision or judgment." (Our italics.)

G. S. 1949, 61-1002 provides for filing the necessary bond in the same court.

G. S. 1949, 60-3819 reads:

"The time within which an act is to be done shall be computed by excluding the first day and including the last; if the last day be Sunday or a statutory holiday, it shall be excluded: *Provided,* That if the time within which an act is to be done is one week or less, Sundays and statutory holidays shall be excluded."

G. S. 1949, 60-3819a provides:

"That where any law of this state or any rule or regulation lawfully promulgated thereunder prescribes the time within which an act is to be done, if not otherwise specifically provided, the time within which such act is to be done shall be computed by excluding the first day and including the last; if the last day be Sunday or a statutory holiday, it shall be excluded: *Provided,* That if the time within which an act is to be done is one week or less, Sundays and statutory holidays shall be excluded."

As already observed the tenth day of the appeal statute did not fall on Sunday or on a statutory holiday but on a Saturday. Appellants direct attention to the fact county offices are by statute required to be kept open during the usual business hours of each day, Sundays excepted (G. S. 1949, 19-2601), and contend it undoubtedly also was intended city courts likewise should be kept open during the usual business hours on days other than Sundays and statutory holidays.

Appellants insist they were not obligated to do more than the law prescribes; that the law does not require them to serve the notice of appeal or the appeal bond on the judge or clerk of the city court elsewhere if the city court office is closed; that such service elsewhere would have been invalid; that the statute expressly directs the notice and bond shall be filed in the city court; that the only evidence adduced discloses they made a diligent effort to comply with the law but were unavoidably prevented from doing so by reason of the failure of city court officers to keep

that office open during its usual business hours. They rely on *Struber v. Rohlfs*, 36 Kan. 202, 12 Pac. 830, where it was held:

"If the party appealing does all the law requires of him to entitle himself to an appeal, the justice cannot deprive him of this right by an omission to act, either through negligence or design." (Syl. ¶ 2.)

In order to avoid confusion which may result from a reading of some of the earlier cases pertaining to a right of appeal from courts designated in the statute it should be noted the instant law which became effective in 1931 is not the same as the previous law. Under the old law no notice of appeal was required. (*Brockman v. Bayman*, 135 Kan. 238, 10 P. 2d 31.) It was only necessary *to file a bond* in the court which rendered the judgment within ten days from the date of its rendition. (*Bishop v. Foley*, 103 Kan. 190, 173 Pac. 289, and cases therein cited.) The appeal became effective upon the filing and approval of the bond. (*Anderson v. Haslett*, 81 Kan. 532, 106 Pac. 296.)

Some of the opinions based on the earlier statute declared it to be sufficient, under circumstances therein stated, if the bond was presented for approval at the office of the justice of the peace or was presented to the justice himself within the ten day period. (*Struber v. Rohlfs*, supra; *Bubb v. Cain*, 37 Kan. 692, 16 Pac. 89; *Anderson v. Haslett*, supra.)

However, under the present law the filing of the notice of appeal *in the court* from which the appeal is taken and within ten days from the date the judgment was rendered is a prerequisite to an effective appeal. (*Brockman v. Bayman*, supra.) The provision for filing notice of appeal (G. S. 1949, 61-1001) and the statute requiring the filing of a bond in the court which rendered the judgment (G. S. 1949, 61-1002) must be construed together. The notice of appeal and the bond must be filed *in the court* from which the appeal is taken within ten days from the date of judgment or the appeal, on objection by the adverse party in the district court, must be dismissed. (*Culp v. Feyh*, 138 Kan. 854, 28 P. 2d 734; *Wald v. Bukaty*, 139 Kan. 489, 32 P. 2d 456.) No substitute method of service which a party may believe to be equally as good as the statutory method is sufficient. (*Brockman v. Bayman*, supra.)

In the Brockman case it was said:

"It was competent for the legislature to prescribe the conditions upon which an appeal may be taken and it has made the notice a primary and essential requirement. It is a simple and easy method of obtaining a trial *de novo* in the

district court. *All that is required is to file the notice in the court that rendered the judgment within the time limited.* It is not even required that the notice shall be served upon the adverse party. . . ." (p. 241.) (Our italics.)

The Wald case, *supra,* is to the same effect.

The judgment must be affirmed. It is so ordered.

WEDELL, J. (dissenting): Under the circumstances of this case I think the judge of the city court properly approved the bond as of December 23, 1950. In my opinion the appeal should be regarded as having been perfected on that day which was in time.

I realize the statute prescribes a simple procedure for perfecting appeals and that nothing other than the filing of the papers in the office of the city court within the time designated is permitted thereby. Appeals are favored and are not to be defeated by strained construction of statutes relating thereto. It seems to me to be a strained construction of the statute to conclude it was intended to deprive the right of appeal when a party is prevented from complying with the statute because the designated office is closed on a day which is neither Sunday nor a statutory holiday.

Had appellants attempted to perfect their appeal after properly regulated business hours I think they would have been obliged to have the office opened in order to have the appeal papers filed on the tenth day. That, however, is not this case. Here the office was closed all of the tenth day.

It often, and under varying circumstances, has been held that where a person does, or attempts to do, what the law requires him to do, his right of appeal cannot be affected by an officer's act, or an omission to act, either through negligence or design. (*St. L., L. & D. Rld. Co. v. Wilder,* 17 Kan. 239; *Struber v. Rohlfs,* 36 Kan. 202, 12 Pac. 830; *Anderson v. Haslett,* 81 Kan. 532, 106 Pac. 296; *Louderback v. Boyd,* 1 Ashm. (Pa.) 380; *Read v. Dickinson,* 2 Ashm. (Pa.) 224; *Voorhis & Murray v. O'Malley,* 9 Pa. Co. Ct. R. 193; *Averett v. Horn,* 19 Ala. 803; *Looper v. Houston,* 174 Okla. 148. 49 P. 2d 1062; *Holmes v. District Court,* 58 Nev. 352, 80 P. 2d 907, 117 A. L. R. 1382.) See, also, anno. on the subject in 117 A. L. R. 1386 where this general rule is stated with numerous supporting authorities including our own.

SMITH, J., and PRICE, J., concur in the foregoing dissenting opinion.