37   753
38   284

C. M. SCOTT v. W. D. KREAMER, *as Justice of the Peace,
of Arkansas City.*

JUSTICE OF THE PEACE—*New Trial—Waiver.* An action of replevin
for a horse of the value of $75 was tried before a justice of the peace
with a jury, and a verdict and judgment were given for plaintiff.
Within two days after judgment, defendant filed a proper motion for
a new trial, which was duly heard within four days after judgment, and
taken under advisement, and which was allowed by the justice on the
seventh day after judgment. Twice afterward the plaintiff joined in
an agreement for the continuance of the cause; and when the second
trial resulted in a judgment for defendant, the plaintiff transferred
the cause to the district court by appeal. He made no objection to
the jurisdiction of the justice at any time prior to the appeal. *Held,*
In a proceeding to compel the issuance of an execution on the judg-
ment first rendered, that although the motion for a new trial was not
decided within five days after judgment, as it should have been, the
decision on the motion was erroneous but not void; and *held further,*
that the action of the plaintiff subsequent to the allowance of the
motion precludes him from afterward objecting to the jurisdiction
of the justice in granting the new trial.

### Original Proceedings in Mandamus.

PROCEEDING in this court to compel a justice of the peace
to issue an execution upon a judgment rendered by him. The
petition herein was filed July 23, 1886, and the opinion at the
session of the court in December, 1887.

*L. J. Webb,* for plaintiff.

*Pyburn & Jeffries,* for defendant.

The opinion of the court was delivered by

JOHNSTON, J.: This is an original proceeding upon man-
damus, to compel the issuance of an execution upon a judgment
by a justice of the peace of Cowley county. From the alter-
native writ, and the answer, we learn that the judgment was
rendered on June 12, 1886, by W. D. Kreamer, a justice of
the peace, in an action of replevin, wherein C. M. Scott was

plaintiff and P. S. Burress was defendant. The trial was had with a jury, and a verdict rendered in favor of Scott for the possession of a horse, valued at $75; and judgment in accordance with the verdict was immediately entered by the justice of the peace. On June 14, 1886, Burress filed a motion asking for a new trial, on several grounds, and at the same time served a notice on the opposing party that the motion would be heard on the 16th day of June, 1886, at 8 o'clock P. M. At that time both parties were present, and the motion was heard and taken under advisement by the justice of the peace; and on the 19th day of June, 1886, he sustained the motion, and granted a new trial. The case was then set down for trial on the 1st day of July, 1886, when, upon the written stipulation of both parties, it was continued until July 12, 1886. When that time arrived both parties again appeared, and joined in a written agreement for a continuance, and that the case should be tried at a certain hour on the 28th day of July, 1886. A trial was had at that time, in accordance with the agreement, and judgment was given in favor of Burress and against Scott. Three days afterward, Scott appealed from the judgment entered, by filing an undertaking, which was approved by the justice of the peace, who in due time filed the transcript of his proceedings, the undertaking, and all the papers in the case, with the clerk of the district court of Cowley county, in which court the case is now pending. On July 16, 1886, Scott demanded of the justice of the peace that he issue an execution upon the judgment rendered on June 12, 1886, notwithstanding the granting of a new trial, and the subsequent proceedings in the case. This demand being refused, the plaintiff seeks to compel the issuance of the execution by this proceeding. The plaintiff claims that the action of the justice of the peace, on June 19, 1886, in granting a new trial, was a nullity, because more than five days elapsed from the return of the verdict and the rendition of judgment before the action was taken. The claim is based on the following provision:

"The justice before whom a cause has been tried, on motion of the party aggrieved, at any time within five days after the

decision or verdict, shall vacate the decision or verdict and grant a new trial for the same reasons and upon the same terms and conditions as provided in the code of civil procedure in like causes; and he shall set a time for a new trial, of which the opposite party shall have at least three days' notice." ( Laws of 1885, ch. 152, § 3.)

Under this statute, the motion for a new trial should have been decided within five days after the rendition of the judgment on June 12, 1886; but although it was not determined until the seventh day after the rendition of the judgment, we think that the decision of the motion at that time was not void; and further, that it is too late for the plaintiff to raise the question of jurisdiction. Burress moved promptly and properly to obtain the new trial. Within two days after the judgment was rendered, the motion was made. Proper notice was given, and a hearing had on the motion within four days after the rendition of the judgment. He complied with every requirement of the statute and of the court, and did all that he could, and ought not to be deprived of his right under the motion on account of the delay of the officer. He had a right to expect that the decision would be made within five days; and before the expiration of that time no action could be begun or maintained to compel the justice to determine the motion. When the full five days had passed without a decision, a proceeding to compel action could have been instituted and maintained; and if the decision might then have been made under the order of a court, a voluntary decision by the justice granting the motion for a new trial upon the seventh day, and which has been consented to, cannot be regarded as void.

*Stewart v. Waite*, 19 Kas. 218, is quite analogous to the present case. There a new trial was had before a justice of the peace, and the case taken under advisement and judgment rendered more than four days after the case had been tried. Section 115 of the justices code requires that in such cases the justice should enter the judgment on or by the fourth day after the close of the trial; and it was held that the entry of the judgment was erroneous and reversible for irregularity in

failing to comply with the statute, but that it was not void. (See also *Albright v. Warkentin*, 31 Kas. 442.)

However faulty the action of the justice may have been, it is now too late for the plaintiff to make objection. Since the new trial was allowed he has acquiesced in the decision, and submitted his cause and person to the jurisdiction of the justice, and also to the district court. The cause was twice continued, and twice the time for the second trial was agreed on by the plaintiff. He made no objection to the jurisdiction at either time, nor when the second trial was had; and when the judgment was given against him on that trial, he transferred the cause to the district court by appeal. After this action the plaintiff is not in a position, and cannot be heard, to allege that the court had no jurisdiction to make the order. (*Haas v. Lees,* 18 Kas. 449; *Shuster v. Finan,* 19 id. 114; *Miller v. Bogart,* 19 id. 117.)

The peremptory writ will be denied.

All the Justices concurring.