JOHN E. WOODWARD v. THE TRASK FISH COMPANY.

NEW TRIAL — *Delaying Decision* — *Waiver of Irregularity.* Where a motion for a new trial before a justice of the peace is filed the day following the rendition of a verdict, and due notice of the same is given, the holding of the motion under consideration and for decision by the justice of the peace until the ninth day after the verdict is only an irregularity which may be waived. (*Scott v. Kraemer*, 37 Kas. 753.)

*Error from Saline District Court.*

THE opinion states the case.

*Lovitt & Sturman,* for plaintiff in error.

*John Foster,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The Trask Fish Company brought this action before R. H. Bishop, a justice of the peace of Saline county, to recover $12.05 from J. E. Woodward, for merchandise sold and delivered. A trial was had with a jury, and on May 15, 1886, a verdict awarding one dollar to Woodward was rendered. A motion for a new trial was filed on the following day, which was set for hearing on May 21, when the motion was heard and taken under advisement by the justice until May 24, 1886. At that time the justice, with both parties present, overruled the motion for a new trial, to which the fish company excepted, and Woodward then remitted the one dollar awarded him by the verdict of the jury. A bill of exceptions was made by the Trask Fish Company, and the case taken to the district court on error. At the May term, 1886, the court reversed the judgment of the justice of the peace, awarded judgment for costs in favor of the Trask Fish Company, and set the case for trial and final judgment in that court. Of this judgment Woodward now complains.

The contention of plaintiff in error here is that before the district court can review the rulings and judgment of the justice of the peace, a motion for a new trial must have been

made and overruled, and it is claimed that this was not done. He argues that by reason of the provisions of §110 of the justices code, the justice of the peace had no authority to grant a new trial after the expiration of five days from the rendition of the verdict and judgment; and it is insisted that if the justice had no jurisdiction to consider or grant the motion, the district court had no authority to review and reverse the rulings of the justice. It is true the motion for a new trial was not finally disposed of until the ninth day after the verdict was given. The record shows, however, that the motion was made and a notice given on the day following the return of the verdict, and it was through no fault of the company that the motion was held for consideration and decision beyond the five days. The company having, in good time, done what was required to obtain a new trial, ought not to be deprived of the right because the justice continued the cause a few days beyond the statutory period. It was determined in the case of *Scott v. Kreamer*, 37 Kas. 753, that the action of a justice of the peace in granting a new trial more than five days after the verdict or decision had been given, was irregular but not void. That case rules the present one. Woodward made no objection to the justice's holding the motion for consideration and deciding the same more than five days after the verdict. Although present in court when the motion was granted, he took no exceptions or steps to correct the irregularity. On that occasion he not only stood by and acquiesced in the act of the justice, but he also recognized and invoked the jurisdiction of the justice by procuring the entry of an order remitting the one dollar awarded him by the jury. Under the ruling in *Scott v. Kreamer*, supra, the granting of the new trial was only an irregularity, and one of which the plaintiff in error cannot now avail himself.

Judgment affirmed.

All the Justices concurring.