No. 26,476.

HENRY OLTHOFF, HERMAN OLTHOFF, AUGUSTA PETERSON and KARL KRASE, *Appellees*, v. JOHN W. ADAMS, *Appellant*.

SYLLABUS BY THE COURT.

JUSTICES OF THE PEACE—*Delay in Rendering Judgment—Effect on Jurisdiction and Judgment.* The fact that a justice of the peace, having jurisdiction of the parties and of the subject matter of the action, erroneously delays rendering judgment in the action for more than four days after the hearing, in contravention of the statute (R. S. 61-903), does not cause him to lose jurisdiction of the action, nor his judgment to be void.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed May 8, 1926. Affirmed.

*John W. Adams, William J. Wertz* and *George Adams,* all of Wichita, for the appellant.

*Earl Blake, W. A. Blake, H. L. Blake* and *Ralph Blake,* all of Wichita, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: The sole question in this case is whether a judgment rendered by the judge of the city court of Wichita, when the procedure is the same as that of a justice of the peace (R. S. 20-2002), is void because it was not entered immediately after the close of the

Courts, 15 C. J. p. 823 n. 67. Judgments, 34 C. J. p. 508 n. 7. Justices of the Peace, 35 C. J. pp. 539 n. 11, 540 n. 21, 565 n. 64, 643 n. 86, 672 n. 61.

trial, or within four days thereafter, as required by statute (R. S. 61-903).

The question arises in this way: Henry Olthoff and others brought an action against S. E. Ambler in the city court of Wichita for the value of the use of certain real property, and caused a garnishment summons to issue to John W. Adams as garnishee. The action proceeded to trial to the court, who took the case under advisement; and fifty-nine days later, the judge of the court being absent from the state a part of that time, judgment was entered for plaintiff and an order made for the garnishee to pay the money into court. The defendant in that action knew of the judgment after it was rendered and within time to perfect an appeal, but no appeal was taken. The garnishee paid no money into court. This is an action by Henry Olthoff and others, plaintiffs in the former action, against John W. Adams, the garnishee (R. S. 61-416), for the amount of that judgment, with interest. Defendant in this case contends that the judge of the city court of Wichita lost jurisdiction of the original action by reason of the delay in the time of rendering judgment. The point is not well taken.

Although the statute (R. S. 61-701), requiring a justice of the peace to grant a change of venue upon proper application, is mandatory, the justice does not lose jurisdiction of the case by refusing to do so. (Ellis v. Whitaker, 62 Kan. 582, 64 Pac. 62; see, also, In re Justus, 65 Kan. 547, 70 Pac. 354.) The statute (R. S. 61-802) makes it the mandatory duty of a justice of the peace to grant a continuance for a period not exceeding fifteen days, but a failure or refusal of the justice to do so does not cause him to lose jurisdiction of the case. (McPherson v. Martinson, 115 Kan. 828, 224 Pac. 907.) And, generally speaking, the fact that a court, having jurisdiction of the parties and the subject matter of an action, erroneously decides the case contrary to the provisions of a pertinent statute, does not oust the court of jurisdiction nor cause the judgment rendered to be void. (Wyandotte County v. Investment Co., 80 Kan. 492, 103 Pac. 996.) The action of the judge of the city court of Wichita in delaying the rendition, or entering, of the judgment complained of herein was erroneous, but since the court had jurisdiction of the subject matter of the action and of the parties, the judgment is not void. (See Stillman v. McConnell, 36 Kan. 398, 13 Pac. 571; Woodward v. Fish Co., 38 Kan. 283, 16 Pac. 456.)

Appellee contends that the delay in rendering judgment in the

original case in the city court of Wichita was at the request of defendant's counsel, and hence was waived, but we do not find it necessary to go into that question.

The judgment of the court below is affirmed.    .