Corinne Anne Staigg NEAGLE,
Appellant,

v.

William BROOKS and Maud Ella Brooks,
Appellees.

No. 8667.

United States Court of Appeals
Tenth Circuit.

Jan. 25, 1967.

Rehearing Denied March 22, 1967.

A. B. Howard, Kansas City, Kan., and Charles S. Scott, Topeka, Kan., for appellees.

Before MURRAH, Chief Judge, HILL, Circuit Judge, and KERR, District Judge.

KERR, District Judge.

In this diversity action, the plaintiff has appealed from orders of the United States District Court for the District of Kansas granting defendants' motion for summary judgment on the ground that under the doctrine of res judicata plaintiff is precluded from renewing her litigation in the federal court. Appellant contends that the state court proceedings are not res judicata for the reason that the state court's order sustaining appellees' motion to dismiss was not a valid final adjudication of her case on the merits.

On January 8, 1964, Corinne Anne Staigg Neagle filed her Amended Petition in Ejectment, For Damages, to Quiet Title against William Brooks and Maud Ella Brooks in the District Court of Wyandotte County, Kansas. Relying on a Will and codicil probated in the State of Missouri, she claimed a remainder interest under the laws of Missouri to certain described real estate situate in Wyandotte County, Kansas. On February 13, 1964, appellees filed a motion to dismiss the petition on the ground that it did not state facts sufficient to constitute a cause of action. That motion was heard in the state court in May 1964, both parties appearing by and through their counsel who made their arguments in support of and in opposition to the motion. By letter dated June 11, 1964, the court advised counsel that after an examination of their briefs and a search of the Kansas reports, it was of the opinion that the defendants' Motion to Dismiss should be sustained; the court stated in its findings that the property located in Kansas was subject to Kansas law and that the codicil executed approximately eighteen years after the original Will contained no reservations, restrictions or limitations of any kind. The court also stated that

Linde, Thomson, VanDyke, Fairchild & Langworthy, Kansas City, Mo., and Conrad Miller, Kansas City, Kan., for appellant.

on that day counsel for the defendants had exhibited to him two deeds covering the property in question. The judge then directed counsel to "prepare journal entry in accordance with the Court's findings as of June 12th" and to return it to the court for signature. Thereafter counsel were unable to agree on a form of order and consequently the formal order sustaining appellees' motion was not filed until March 12, 1965.

In the interim, both counsel and the court proceeded with the understanding that appellant's case had been dismissed on June 11, 1964. On June 18, 1964, appellant moved the state court to vacate its ruling made on June 11, 1964, and for a new trial. The order denying that motion was filed on September 11, 1964. On the same day appellant filed a motion for leave to file an amended petition, which motion was overruled by the court apparently on October 9, 1964, but the order overruling the motion was not filed until March 12, 1965. That order recited that the motion to dismiss had been heard on October 9, 1964, that on June 11, 1964, the court had sustained defendants' motion to dismiss, that a motion to dismiss is treated as a motion for summary judgment, "and that an order so dismissing said cause is a final judgment". The state court concluded that the motion to amend the petition should be overruled. On October 8, 1964, plaintiff filed her notice of appeal to the Kansas Supreme Court, appealing from the order sustaining defendants' motion to dismiss on the ground that the petition did not state facts sufficient to constitute a cause of action. No further proceedings were taken by either party in the state court.

On February 8, 1965, appellant filed her Petition in Ejectment and to Quiet Title against the same defendants, in the United States District Court for the District of Kansas. The allegations were nearly identical to those contained in the state court petition, the variations dealing with the jurisdictional requirements. On March 1, 1965, appellees moved to dismiss the action on the grounds that the petition did not state facts sufficient to constitute a cause of action, and that the matters involved had been adjudicated in the District Court of Wyandotte County, Kansas. After denial of that motion appellees filed their answer on March 29, 1965, incorporating therein the defenses raised in their motion to dismiss, and attaching thereto copies of the pleadings and orders of the Kansas state court. Both parties subsequently filed motions for summary judgment, appellees' being filed on March 30, 1965, and appellant's motion, together with supporting affidavits, being filed on May 19, 1965. On June 1, 1965, appellant amended her Reply and Motion for Summary Judgment to assert the invalidity of the sheriff's deed and tax foreclosure proceedings under which appellees claimed their right to possession.

On September 15, 1965, the United States District Court for the District of Kansas granted appellees' motion for summary judgment, holding that res judicata foreclosed appellant's federal court suit alleging the same cause of action, against the same parties, and involving the same subject matter. It held that the state court's adjudication of the merits of appellant's action was binding on the federal court. Thereafter appellant filed a motion to amend the District Court's judgment, for a new trial or rehearing, and for judgment in her favor. On December 27, 1965, the District Court entered its order denying appellant's motion and she appealed to this court.

■ Appellant contends that she was deprived of her right to appeal to the Kansas Supreme Court because she relied on the order of the United States District Court denying appellees' motion to dismiss. She argues that the appellees' answer and motion to dismiss filed in the federal court "led (her) to believe that the action in the District Court was the one of consequence". Such petition is argumentative and without merit. Appellant selected her own forum when she commenced her quiet title action in the state court of Kansas. Having gambled and lost there she voluntarily abandoned

the prosecution of her appeal when she filed her petition in the United States District Court. The federal courts are not alternate forums to supply "procedural fencing".[1] On the theory that the final appealable order was made by the state court on June 11, 1964, appellant could have pursued her appeal commenced on October 8, 1964. Or, the appellate procedure was available to appellant until April 12, 1965, on the theory that the final order dismissing the action was effective when the journal entry was filed on March 12, 1965.[2]

This court need not resolve the dispute as to the effective date of the state court's order sustaining the motion to dismiss. At any time prior to the final determination by the state court of appellant's quiet title action, the United States District Court was without concurrent jurisdiction to entertain the second suit involving the same real estate, the res being in Wyandotte County, Kansas, and subject to the exclusive jurisdiction and control of the district court of that county. The state court having first acquired jurisdiction of the res, it was required to hear and determine all the controversies relating to it and the property was thereby withdrawn from all other courts. Until the state court's jurisdiction was terminated, the United States District Court was "disabled" from exercising any power or jurisdiction over the same real property.[3] The controlling question is the nature and extent of the jurisdiction of the District Court of Wyandotte County, Kansas. The Kansas legislature has specifically created the right to institute an action to determine adverse claims in real property.[4] Actions in ejectment or for the recovery of or to determine adverse claims in real property must be brought in the county in which the real estate is situated.[5] It is thus apparent that jurisdiction over the real property described in appellant's petition was vested in the district court of Wyandotte County, Kansas. Jurisdiction of that court over the real property attached when appellant filed her original petition to acquire title to and possession of the property. This is purely an in rem action and is subject to the rule expressed in Princess Lida of Thurn and Taxis et al. v. Thompson et al., Trustees, 305 U.S. 456, 466, 59 S.Ct. 275, 280, 83 L.Ed. 285 (1939), as follows:

"* * * if the two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the one court must yield to that of the other. We have said that the principle applicable to both federal and state courts that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted, but applies as well where suits are brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature where, to give effect to its jurisdiction, the court must control the property. The doctrine is necessary to the harmonious cooperation of federal and state tribunals. * * *"

So long as appellant's suit was pending in the state court its jurisdiction was exclusive and the United States District Court was without jurisdiction to

---

1. See Duggins v. Hunt et al., 10 Cir., 323 F.2d 746, 748 (1963).

2. K.S.A. 60–258(b).

3. See Farmers' Loan & Trust Company v. Lake Street Elevated Railroad Co., 177 U.S. 51, 61, 20 S.Ct. 564, 44 L.Ed. 667 (1900); Continental Bank & Trust Company v. Apodaca, 10 Cir., 239 F.2d 295 (1956) & cases cited therein.

4. K.S.A. 60–1002.

5. K.S.A. 60–601(b) (1).

entertain the suit subsequently brought for the same relief. After the state court had fully performed its duties with respect to the parties and had dismissed appellant's quiet title action, appellant had but one remaining alternative, viz., to appeal this final judgment to the Supreme Court of Kansas.

The District Court properly granted appellees' motion for summary judgment on the ground of res judicata. "Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res adjudicata by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case." [6] The state court action and the federal suit involved the same parties, the same issues, and the same subject matter. Appellant appeared before the state court, fully argued her case in the hearing on the motion to dismiss and the contested issues were decided against her. Thereafter, she had no right to renew her litigation in the federal court.[7] Indeed, it would have been error for the federal court to reject the principle of res judicata and to review the issues already tried and decided by the state trial court. The final judgment in the state court dismissing appellant's action was conclusive in the subsequent suit as to every issue, claim, or defense raised or which might have been raised and decided in the original suit.[8] The state court treated appellees' motion to dismiss as a motion for summary judgment, and considered the merits of appellant's claim. The trial court's findings show that it considered the real and substantial cause upon which plaintiff based her petition. This court is not an appellate court to determine whether the ruling of the state trial court was correct, nor whether there were errors in its findings and conclusions. Those are issues from which an appeal could have been taken for determination by the proper appellate tribunal, the Supreme Court of Kansas. An order of the state trial court dismissing the action puts an end to that action unless modified or set aside by that court or reversed by the supreme court of that state.[9] The United States District Court for the District of Kansas properly held that the state court's final judgment was not invalid. The jurisdictional authority of the state trial court to decide appellant's claims are not contested, and mere erroneous rulings, if they exist, are not sufficient to invalidate the judgment.

Finally, appellant injects the contention that her constitutional rights have been abridged by the order of the United States District Court granting appellees a summary judgment on the basis of the doctrine of res judicata. The record shows without cavil that the appellant was given a right to be heard at every stage of the proceedings in the state trial court; the Kansas statutes provided appellant with all the procedural processes necessary to protect her rights to present her cause to the proper state trial court, to complain of errors, and to seek an appeal in the highest court of the state. It would be repugnant to every rationale of constitutional law to hold that appellant may litigate her cause in one court or another, without restraint or limitation, until she is successful. It is inconceivable that the framers of the Constitution intended that due process of law required the federal courts to perform the work already accomplished by the state court and to assume jurisdic-

6. Kline et al. v. Burke Construction Company, 260 U.S. 226, 230, 43 S.Ct. 79, 67 L.Ed. 226 (1922).

7. Heiser v. Woodruff et al., 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946).

8. Id. at p. 735, 66 S.Ct. 853: First National Bank in Wichita v. Luther, 10 Cir., 217 F.2d 262, 265 (1954), reh. den. 1955, and cases cited therein.

9. Mahoney et al. v. Stavely, 160 Kan. 792, 165 P.2d 230 (1946), reh. den.

tion over actions fully and finally determined in state trial courts. The federal court is not a substitute tribunal for an unsuccessful litigant oᴸ the state level.

Affirmed.