No. 45,313

CORINNE ANNE STAIGG NEAGLE, *Appellant,* v. WILLIAM BROOKS and MAUD ELLA BROOKS, *Appellees.*

(454 P. 2d 544)

Opinion filed May 17, 1969.

*Charles W. Hess,* of Kansas City, Mo., argued the cause, and *Conrad Miller,* of Kansas City, Kan., and *Charles White Hess* and *John G. Miller,* both of Kansas City, Mo., were with him on the brief for the appellant.

*A. B. Howard,* of Kansas City, Kan., argued the cause, and *Charles S. Scott,* of Topeka, was with him on the brief for the appellees.

The opinion of the court was delivered by

HARMAN, C.: This is an action to secure possession of and to quiet title to real estate. Procedural problems are involved.

To get to the heart of the matter it is necessary to detail the tortured course this litigation has taken.

January 8, 1964, plaintiff-appellant filed in the trial court her amended petition in ejectment, to quiet title and for damages against defendants-appellees. She claimed a remainder interest to approximately twenty acres of land in Wyandotte county by virtue of her great grandfather's will and codicil admitted to probate in Missouri. Both of these instruments were attached to her petition.

February 19, 1964, appellees filed their motion to dismiss the action on the ground the petition did not state facts sufficient to constitute a cause of action. This motion was heard in May, 1964, both parties appearing by their attorneys. By letter dated June 11, 1964, the then trial judge advised counsel he was of opinion the motion to dismiss should be sustained. The judge stated in his findings the property was subject to Kansas law and that the codicil executed approximately eighteen years after the original will contained no reservations, restrictions or limitations of any kind. Parenthetically, it should be explained this finding disposed of appellant's claim of remainder interest in the real estate. The judge also stated that "in addition" counsel for appellees had on that day exhibited two deeds "covering" the property in question, one deed dated in 1919 and a tax deed dated in 1947. The letter then directed counsel to "prepare journal entry in accordance with the Court's findings as of June 12th" and return it to the court for signature. Thereafter counsel were unable to agree on the form of the journal entry of judgment and consequently a journal entry sustaining appellees' motion to dismiss was not filed until March 12, 1965. This journal entry recited as grounds for the dismissal a finding that appellant's petition did not state facts sufficient to constitute a cause of action. The journal entry did not mention that deeds had been exhibited. It does appear that appellees had furnished information concerning the deeds to appellant's local counsel prior to their exhibition to the court.

Factual controversy exists between counsel as to the preparation and submission of proposed journal entries by each side but apparently the one finally signed by the trial judge was prepared by

him and was not approved as to form by appellant's counsel. It also appears appellant and her counsel had no actual notice of the signing and filing of this journal entry until at a later time, as we shall presently note.

Meanwhile, everyone proceeded as though appellant's case had been dismissed on June 11, 1964. June 18, 1964, appellant filed her motion to vacate the order of dismissal made on June 11, 1964, and for a new trial. This motion was heard on August 21, 1964, and on September 2, 1964, was overruled. Journal entry embodying this order was filed on September 11, 1964. Also on that date appellant filed her motion for leave to file a second amended petition. This motion was overruled on October 9, 1964, but the journal entry embodying the denial order was not filed until March 12, 1965. In it the trial judge stated that under our present procedural code a motion to dismiss is treated as a motion for summary judgment.

On October 9, 1964, appellant filed her notice of appeal to this court, appealing from "the order of the court rendered and made in the above entitled action on the 11th day of September, 1964, whereby it was by the court decided and ordered that defendants' motion to dismiss the above entitled matter should be sustained. . . ." Appellant did nothing further respecting this appeal with the result it was never perfected and was abandoned.

On February 8, 1965, appellant commenced an action against appellees in the United States District Court for the District of Kansas by the filing there of a petition which, except for jurisdictional requirements, was virtually identical with the first amended petition she had previously filed in state court. March 1, 1965, appellees responded in the federal court action by filing their motion to dismiss it on the grounds the petition did not state facts sufficient to constitute a cause of action and that the matter involved had been adjudicated in the district court of Wyandotte county, Kansas. This motion being denied, appellees on March 29, 1965, filed their answer incorporating therein the defenses asserted in their motion to dismiss and attaching thereto copies of the pleadings and the orders entered in the state court action. The copies so attached included the order filed March 12, 1965, sustaining appellees' motion to dismiss. Both parties then filed motions for summary judgment. Eventually the federal district court granted appellees' motion for summary judgment, holding that *res judicata* foreclosed the federal court suit alleging the same cause of action over the same subject matter against the same parties.

Appellant then appealed the adverse decision to the United States Court of Appeals, Tenth Circuit. That court on January 25, 1967, affirmed the judgment of the federal district court (*Neagle v. Brooks*, 373 F. 2d 40), saying, among other things: "The District Court properly granted appellees' motion for summary judgment on the ground of res judicata." (p. 44.) Rehearing of this appeal was denied March 22, 1967.

Appellant then resumed her litigation in the Wyandotte county district court by filing on April 3, 1967, her motion

". . . for an order to set aside and purge the record of the Journal Entry entered and filed herein on the 12th day of March, 1965, for the reason that such Journal Entry was an ex parte order approved and entered without notification as required by the laws of Kansas, was improper, illegal and invalid and for a further order entering a valid judgment in accordance with the letter written by the court on June 11, 1964, wherein the grounds for sustaining defendants' motion were set forth."

This motion was heard on June 16, 1967, and on appellant's application was expanded to include the second journal entry filed on March 12, 1965, wherein appellant's motion for permission to file a second amended petition was overruled. The amended motion was overruled by an order entered August 25, 1967. Appellant has now appealed from this latter order.

Appellant states her motion was based upon K. S. A. 60-260 (*b*), (4) and (6), which provide:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time. . . ."

It should be borne in mind this appeal from an order denying the motion for relief from the judgment brings up for our review only the denial order and not the judgment, the time for appeal from the judgment having long since expired.

Appellant contends the procedure employed in journalizing the June 11, 1964, order rendered it void. She points out the journal entry was never approved by her and was entered without notice to her, and states its entry was in violation of rules No. 49 and No. 50 of this court relating to procedure of district courts (G. S. 1949, 60-3827). These rules relied upon were superseded January 1, 1964, in connection with the enactment of our present procedural code, by rule No. 115 (194 Kan. xxv-xxvi; K. S. A. 60-2702) which provides:

"Notice of Rulings and Judgments. Whenever a judge shall make a ruling on a motion or application of any kind and there are affected parties who have appeared in the action but who are not then present, either in person or by their attorneys, if any, and who are not then in default, the judge shall also cause written notice of such ruling or decision to be mailed to such parties or attorneys forthwith. When a judge directs the entry of a final judgment against a party who is not then present, either in person or by his attorney, if any, and whose mailing address appears in the file of the proceeding or is readily available, he shall cause written notice of the general nature of the judgment to be mailed immediately to such party; *but the failure to mail such notice, or the failure of the party to receive the same, shall not affect the validity of the judgment.*" (Emphasis supplied.)

Hence, under the applicable rule, the judgment complained of was a valid judgment. This rule is in accord with precedent. In *Olthoff v. Adams,* 121 Kan. 39, 245 Pac. 743, a judgment was rendered by a city court judge contrary to a statutory time limitation imposed upon that court and in a collateral attack it was contended the judgment was void. This court held the entering of the judgment was merely erroneous but inasmuch as the court had jurisdiction of the parties and the subject matter of the action, the judgment was not void. The trial court here had jurisdiction of the parties and of the subject matter of the action, and its judgment was not void.

We have no precedent of our own for K. S. A. 60-260 (*b*) (6) but we may look to federal authority for its construction and application since it was lifted from rule 60 (*b*) of the Federal Rules of Civil Procedure. Such a motion is addressed to the sound discretion of the trial court, and upon appeal its action is reviewable only for abuse of discretion (see *Erick Rios Bridoux v. Eastern Air Lines,* 214 F. 2d 207 [CA, DC]). In 3 Barron and Holtzoff, Federal Practice and Procedure, Rules Ed., we find the following:

"The rule [rule 60 (*b*)] was not intended as an alternative method of appellate review, nor as a means of circumventing time limits on appeal, except where compelling considerations of justice require that course. . . . The rule is not intended to provide a procedure by which to challenge a supposed legal error of the court, nor to obtain relief from errors which are readily correctable on appeal. . . ." (§ 1322.)

"Relief from a final judgment, order or other proceeding rests in the sound discretion of the court guided by accepted legal principles. . . . Equitable principles may be a guide in administering relief.

"The Advisory Committee [on the Rules of Civil Procedure] has referred to 'the teaching of experience that courts will not permit technicalities to prevent them from remedying injustice.' Laudable as is the goal of remedying injustice Rule 60 (*b*) requires the courts to strike a balance between that goal and the desire to achieve finality in litigation. The cases show that the courts

have exercised their discretion under that rule with a scrupulous regard for the aims of finality. Thus they have held that the motion must be made within a 'reasonable time.' . . . The courts have been unyielding in requiring that a party show good reason for his failure to take appropriate action sooner. . . ." (§ 1323.)

"This broad language [of rule 60 (*b*) (6) authorizing relief for 'any other reason justifying relief from the operation of the judgment'] gives the courts ample power to vacate judgments whenever such action is appropriate to accomplish justice. Of course, this power is not provided in order to relieve a party from free, calculated and deliberate choices he has made. The party remains under a duty to take legal steps to protect his interests. . . ." (§ 1329.)

In *Consolidated Gas & Equipment Co. of America v. Carver,* 257 F. 2d 111 (CA 10), we find this: "The rule [60 (*b*)] is neither a substitute for appeal nor a conduit through which to channel a collateral attack upon a judgment of a court of competent jurisdiction." (p. 114.)

We believe the foregoing is sound for our purposes here.

The judgment from which appellant seeks relief in the case at bar was entered March 12, 1965. Concededly, on March 29, 1965, she had notice of this entry. She thus had adequate time within which to file notice of appeal had she desired to do so and she really does not contend otherwise. Actually she offers no sound reason or excuse for proceeding in the federal court or for failing to appeal in the state action. In her brief she says she ". . . proceeded in the federal court action for several reasons. First, the notice received by her of the filing of the improper state Court journal entries was so late as to effectively prohibit any proper post-judgment action. Secondly, the defendants' Motion to Dismiss in the federal action was overruled. Thirdly, the defendant pleaded in its answer to the merits in the federal action. Fourth, the United States District Court assumed jurisdiction of the case and the subject matter of the action."

Significantly, she fails to elaborate her first reason or to specify why she could not effectively protect her interest in the state court action and, from the record, we are unable to deduce any theory helpful to her. If her other three reasons have significance they only shore up the conclusion that she made a deliberate choice in commencing and maintaining the federal court action, hoping, of course, for a more favorable result than she had obtained in state court. By way of analogy we quote what the federal appellate court had to say on the same point there:

"Appellant contends that she was deprived of her right to appeal to the Kansas Supreme Court because she relied on the order of the United States District Court denying appellees' motion to dismiss. She argues that the appellees' answer and motion to dismiss filed in the federal court led (her) to believe that the action in the District Court was one of consequence'. Such petition is argumentative and without merit. Appellant selected her own forum when she commenced her quiet title action in the state court of Kansas. Having gambled and lost there she voluntarily abandoned the prosecution of her appeal when she filed her petition in the United States District Court. The federal courts are not alternate forums to supply 'procedural fencing'." (*Neagle v. Brooks,* supra, pp. 42-43.)

The gratuitous statement of the trial judge that a motion to dismiss is treated as a motion for summary judgment may not have been wholly accurate as applied to the situation existing here (see K. S. A. 60-212 [*b*]) but the statement was nonprejudicial in the light of the real ground upon which the judge's order was based.

Appellant further argues she has never really had a hearing on the merits of her claim, that she has never had her day in court, and has thus been deprived of her constitutional rights of due process. Her factual premise is simply not true. The trial court considered the allegations of her petition which contained the testamantary instruments under which she was claiming, and, right or wrong, determined a cause of action was not stated. She was heard on the merits (see K. S. A. 60-241 [*b*]). The federal appellate court fairly well demolished the same contention of lack of due process she made there when it said:

"The record shows without cavil that the appellant was given a right to be heard at every stage of the proceedings in the state trial court; the Kansas statutes provided appellant with all the procedural processes necessary to protect her rights to present her cause to the proper state trial court, to complain of errors, and to seek an appeal in the highest court of the state. It would be repugnant to every rationale of constitutional law to hold that appellant may litigate her cause in one court or another, without restraint or limitation, until she is successful. It is inconceivable that the framers of the Constitution intended that due process of law required the federal courts to perform the work already accomplished by the state court and to assume jurisdiction over actions fully and finally determined in state trial courts." (*Neagle v. Brooks,* supra, pp. 44-45.)

Appellant's motion for relief was not made until more than two years after she had notice of the entry of the adverse judgment. Under the circumstances it can hardly be said to have been made within a reasonable time, as required, and the trial court so ruled. We cannot disagree and this alone might well sustain the trial

court's ruling. Moreover, appellant has made no showing of injustice or inequity to justify further litigation. About all she has shown have been procedural irregularities which have not prejudiced her cause. This case has now had extended hearings plus appellate review in two sets of courts. After all this protracted litigation we see no reason to prolong it. We hold the trial court did not abuse its discretion in the ruling complained of. The judgment is affirmed.

APPROVED BY THE COURT.