(710 P.2d 698)

No. 56,72█

CHARLES E. STEVENS, *Appellant*, v. BOARD OF COUNTY COMMISSION-
ERS OF RENO COUNTY, KANSAS, *et al.*, *Appellee.*

Opinion filed
June 13, 1985. █

*Charles E. Stevens*, appellant, pro se.

*Timothy J. Chambers*, county attorney, for the appellee.

Before BRISCOE, P.J., REES, J., and HARRY G. MILLER, District
Judge Retired, assigned.

MILLER, J.: Plaintiff appeals from a summary judgment that
defendant did not violate the Kansas Open Meetings Act.

The facts are not in dispute. On April 13, 1983, the defendant
Board of County Commissioners held its regular meeting at 9:00
a.m. Proper notice of the meeting had been given to persons
requesting such notice, including Charles E. Stevens, the plain-
tiff. Plaintiff attended the meeting and videotaped the entire
proceedings. At 10:20 a.m., the Board recessed the meeting
because of a lack of business until 11:00 a.m. when it had an
appointment.

During the recess, the Commissioners and other persons re-
mained in the commission chambers. Several items of county
business were informally discussed by those present. Plaintiff's
self-operating videotape machine continued throughout the en-
tire recess, although plaintiff left the chambers for approximately
five minutes. The regular meeting of the Board reconvened at
11:00 a.m. as had been announced.

Plaintiff, as a private citizen, filed suit claiming that the meet-
ing during the recess violated the Kansas Open Meetings Act
(KOMA). After discovery, both parties filed motions for summary
judgment. The trial court heard oral arguments on both motions
and viewed the plaintiff's videotape of the meeting. It then
denied plaintiff's motion and granted defendant's motion for
summary judgment on the grounds that the recess was not a
"prearranged meeting" of the Board to which the KOMA would

apply. Plaintiff's motion to set aside that holding under K.S.A. 60-260(b) was denied, and it is from this ruling that plaintiff has appealed.

Our scope of review in an appeal from such an order is well established:

"Appeal from an order denying a motion under K.S.A. 60-260(*b*) brings up for review only the order of denial itself and not the underlying judgment. *Neagle v. Brooks* [203 Kan. 323, 454 P.2d 544 (1969)]; *see* 11 Wright & Miller, Federal Practice and Procedure, Civil § 2871 (1973). A motion for relief from a final judgment under K.S.A. 60-260 (*b*) is addressed to the sound discretion of the district court. The scope of appellate review of the district court's decision is limited to whether the court abused its discretion. *Neagle v. Brooks* [203 Kan. 323]." *Giles v. Russell*, 222 Kan. 629, 632-33, 567 P.2d 845 (1977).

Although plaintiff lists eleven issues in the table of contents of his brief, only the first three of these are mentioned in the body of his brief. Those issues not briefed are deemed abandoned. *Puritan-Bennett Corp. v. Richter*, 235 Kan. 251, 255, 679 P.2d 206 (1984).

K.S.A. 75-4317(a) provides:

"In recognition of the fact that a representative government is dependent upon an informed electorate, it is declared to be the policy of this state that meetings for the conduct of governmental affairs and the transaction of governmental business be open to the public."

It is plaintiff's first contention that the gathering in the commission chambers during the recess of its regular meeting of April 13, 1983, constituted a "meeting" as defined in K.S.A. 75-4317a.

"As used in this act, 'meeting' means any prearranged gathering or assembly by a majority of a quorum of the membership of a body or agency subject to this act for the purpose of discussing the business or affairs of the body or agency."

The word "prearranged" is not statutorily defined, but its meaning has been expressed as follows:

"The term 'prearranged' in the definitional section of the Act has the effect of excluding 'chance' encounters of members of a body subject to the Act. The gathering is prearranged if notice is given in writing, personally, via telephone, or is implicitly understood by the membership of the body." Smoot and Clothier, *Open Meetings Profile: The Prosecutor's View*, 20 Washburn L.J. 241, 259 (1981).

The Kansas Attorney General has interpreted the act to require that its provision extend to include informal caucuses at all stages of the decision-making process, including informal gatherings held prior to, during a recess of, or immediately after a

regularly scheduled meeting, unless they are truly "chance" encounters. Att'y Gen. Op. 81-262. This may include informal rehashing of business over coffee and rolls after a regular meeting, or customary gatherings of the Board before and after regularly scheduled meetings. Att'y Gen. Op. 79-200. Obviously, informal gatherings held during a recess cannot be used by members subject to the act to subvert the intent and purpose of the act.

Whether or not such a gathering is "prearranged" is a question of fact to be determined from the totality of the circumstances surrounding the gathering in question. In the present case, the record indicates that the recess was declared spontaneously because of a lack of business and was not preplanned in any way. There is nothing in the record to indicate that the Commissioners expressly or implicitly understood that they would meet during the recess, or that the Commissioners customarily discussed county business during such a recess, or that as a matter of custom or habit, the Commissioners knew prior to recess that a quorum of the Board would be available to discuss county business during the recess.

Under these circumstances, we find no abuse in the trial court's ruling that the recess gathering of the Commissioners was not "prearranged" and that the provisions of the KOMA were not applicable.

Plaintiff also contends that the gathering during the recess violated the KOMA because it was not an "open" meeting and was not properly noticed.

Assuming, arguendo, that the provisions of the KOMA were applicable in this case, it does not necessarily follow that the act was violated. In *Olathe Hospital Foundation, Inc. v. Extendicare, Inc.*, 217 Kan. 546, Syl. ¶ 10, 539 P.2d 1 (1975), the court stated:

"Where an agency conducts an all-day public hearing and then recesses for a 25 to 45 minute deliberative session before announcing a unanimous decision it is in substantial compliance with the act. Although there may be a technical violation of the letter of the act there is no violation of its spirit and the resulting administrative decision is not void."

Similarly, in *Coggins v. Public Employee Relations Board*, 2 Kan. App. 2d 416, 581 P.2d 817, *rev. denied* 225 Kan. 843 (1978), this court found that the Public Employee Relations Board technically violated the KOMA when it met informally several

hours prior to its scheduled and announced meeting to gather information, but we concluded that the technical violation of the act, standing alone, did not necessarily require that the matter be returned to the Board.

These cases indicate that our courts will look to the spirit of the law, and will overlook mere technical violations where the public body has made a good faith effort to comply and is in substantial compliance with the KOMA, and where no one is prejudiced or the public right to know has not been effectively denied.

Other states use a similar approach in interpreting their open meetings act. See *Copple v. City of Lincoln*, 202 Neb. 152, 274 N.W.2d 520 (1979). Even our own open meetings act recognizes that substantial compliance may be sufficient to sustain a public body's action. See K.S.A. 75-4320(a).

The record discloses that during the recess here, the Commissioners remained in their chambers where the formal meeting had been held and was to resume. No one was asked to leave or was refused entrance. Plaintiff remained in the room throughout the recess except for approximately five minutes of voluntary absence. His videotape machine operated continuously throughout the entirety of the recess. The record does not reveal whether other members of the public left during the recess.

The record fails to demonstrate that any binding action was taken during the recess or that the recess was used as a subterfuge to defeat the purposes of the KOMA. Plaintiff, who was physically present, can show no prejudice to his substantial rights by not having received prior notice of the recess gathering. Nor does plaintiff contend that anyone else was thereby prejudiced.

Under these circumstances, we conclude that the recess gathering was open to the public and that the Board was in substantial compliance with the terms of the Kansas Open Meetings Act.

Affirmed.