(726 P.2d 279)

No. 57,937

CHARLES E. STEVENS, *Appellant/Cross-appellee,* v. THE CITY OF HUTCHINSON, KANSAS, *Appellee/Cross-appellant.*

Opinion filed May 15, 1986.

*Charles E. Stevens,* pro se.

*Philip H. Alexander,* city attorney, for appellee/cross-appellant.

Before REES, P.J., PAUL W. CLARK, District Judge, assigned, and JAMES J. NOONE, District Judge Retired, assigned.

Per Curiam: In this Kansas Open Meetings Act (KOMA) case, K.S.A. 75-4317 *et seq.,* plaintiff Charles E. Stevens appeals from a district court order declining to enjoin defendant City of Hutchinson from purported violation of certain provisions of the KOMA. The City cross-appeals from an order issuing a writ of mandamus requiring that it list on its agenda certain topics to be discussed. We affirm both appeals.

The facts are not in substantial dispute, so we dispense with their recitation.

On appeal, Stevens first argues the trial court abused its discretion in refusing to issue a writ of mandamus after it had found the city commission technically violated K.S.A. 75-4319(a) and (b) by holding an improperly closed executive session on June 22, 1982. The City has conceded the impropriety of the closed session. Accordingly, we confine our consideration of the issue to whether the trial court abused its discretion in failing to provide legal redress. We believe not.

"Technical violation" is a term of art adopted by courts in discussing KOMA violations. In a recent opinion of this court in a KOMA case, it is stated that "our courts will look to the spirit of the law, and will overlook mere technical violations where the

public body has made a good faith effort to comply and is in substantial compliance with the KOMA, and where no one is prejudiced or the public right to know has not been effectively denied." *Stevens v. Board of Reno County Comm'rs*, 10 Kan. App. 2d 523, 526, 710 P.2d 698 (1985), citing *Olathe Hospital Foundation, Inc. v. Extendicare, Inc.*, 217 Kan. 546, 539 P.2d 1 (1975); and *Coggins v. Public Employee Relations Board*, 2 Kan. App. 2d 416, 581 P.2d 817, *rev. denied* 225 Kan. 843 (1978). Thus, in *Stevens*, our court upheld a summary judgment in favor of the County where, although County Commissioners had improperly discussed county business during a recess, it was shown the discussion was not prearranged, no binding action was taken, and the recess was not used as a subterfuge to thwart the policy of the act.

In this case, it was uncontroverted that no formal, binding action was taken at the closed session. Moreover, it was a question of fact whether the commission willfully violated K.S.A. 75-4319 in holding a closed session or whether the commissioners utilized the closed session as a subterfuge. See *Stevens v. Board of Reno County Comm'rs*, 10 Kan. App. 2d at 525. We have reviewed the record and hold that the testimony of the City Commissioners and manager that they acted in good faith amply supports the trial court's finding that any violation was merely technical.

That said, it follows that the trial court did not abuse its discretion in declining to issue an injunction or writ of mandamus. As the City points out, a writ of mandamus would not be appropriate to redress a past violation by the Commission. See K.S.A. 60-801. If any relief were warranted, injunctive relief would be more closely tailored to the form of redress Stevens seeks. See K.S.A. 60-901. However, there is no evidence in this case to show the Commissioners routinely convened closed sessions for improperly stated reasons, or that they would do so in the future. See *Stevens v. Board of Reno County Comm'rs*, 10 Kan. App. 2d at 525. Therefore, we cannot say that "no reasonable man would take the view adopted by the trial court." *Reich v. Reich*, 235 Kan. 339, 343, 680 P.2d 545 (1984).

Second, Stevens argues the trial court erred in refusing to find certain actions and behavior of City Commissioners as violative of the KOMA. Specifically, he contends, among other things, that

members speak too softly and do not allow the audience to view the exhibits and documents being discussed. The City, on the other hand, argues that the KOMA does not speak to acoustics or decibels, for example, and that, in any event, the writ of mandamus Stevens seeks would be inappropriate. We agree in part with both parties.

First, it is true that the KOMA does not specify at what decibel level commissioners must speak. However, the KOMA hallmark is a meeting "open to the public"; and if a meeting is at such an inconvenient location or in a room so small as to make it inaccessible for public attendance, the meeting might effectively be considered improperly closed under the KOMA. See, *e.g.*, Smoot & Clothier, *Open Meetings Profile: The Prosecutor's View*, 20 Washburn L. J. 241, 263 (1981); Att'y Gen. Op. No. 79-253.

Whether a meeting is "open" is, however, a question of fact. In this case, Commissioners testified that the public was welcome to view all documents and that no one, including Stevens, had ever been refused permission to approach. Moreover, there was no evidence to show the Commissioners' actions or behavior was a subterfuge to prevent the public from hearing or seeing. Therefore, although we will not say that such complaints as Stevens makes would never be cognizable under the KOMA, we agree that the evidence supports the conclusion that the meetings in question were "open" and in substantial compliance with the Act. Accordingly, the trial court did not err in declining to issue the requested equitable relief.

Having disposed of Stevens' contentions, we turn to the City's cross-appeal.

The City's major complaint is that the trial court abused its discretion in ordering that a writ of mandamus issue to compel the City to "provide notice of the subjects to be discussed at any study sessions to be held by the City Commission in advance of the session by utilizing the method of notice employed for formal meetings." Specifically, the City contends that (1) mandamus is improper since the KOMA does not clearly establish a duty to provide an agenda; and (2) the trial court's order erroneously prevents Commissioners from discussing items not listed on the agenda. Stevens counters that the trial court's ruling does not prevent Commissioners from discussing unlisted topics; rather, it merely requires that if a public body subject to the KOMA

prepares an agenda, all topics to be discussed known at the time of the preparation should be included. We agree with Stevens.

At the threshold, we note that giving notice of the date, time and place of a meeting and preparing an agenda relating to the business to be transacted are two separate elements of the KOMA that should not be confused. See K.S.A. 1985 Supp. 75-4318(b) and (d); Att'y Gen. Op. No. 79-218. Thus we construe the trial court's order to mean not that the City must furnish "notice" of the topics to be discussed, but that the City must list those topics on any agenda prepared, if known at the time of preparation.

We find that the trial court's order logically interprets and effectuates the KOMA's letter and spirit. First, it is true that the KOMA does not require all public bodies subject to its provisions to prepare an agenda. Rather, K.S.A. 1985 Supp. 75-4318(d) provides that:

"Prior to any meeting hereinabove mentioned, any agenda relating to the business to be transacted at such meeting shall be made available to any person requesting such agenda."

However, the evidence in this case revealed that a list of topics to be discussed in the study sessions held after the formal meetings was often planned in advance, and was planned or capable of being planned at the time of the preparation of the agenda listing formal business. With that as factual background, the City's complaint that mandamus is an improper remedy because the KOMA does not require preparation of an agenda only obscures the issue; the point is, if the City takes it upon itself to prepare an agenda "relating to the business to be transacted," and the City has planned a topic for informal discussion or otherwise, it is logical to require that the planned topic be listed on the agenda.

Nor do we agree with the City's dire prophecy that the trial court's order will prevent city commissioners from discussing unplanned items. We make in response three observations: (1) nothing in the trial court's ruling prevents the city commissioners from discussing subjects as they may arise, on and off the agenda; (2) a public body is always free to amend a published agenda at any time (*U.S.D. No. 407 v. Fisk*, 232 Kan. 820, 660 P.2d 533 [1983]); and (3) substantial compliance with the

KOMA's provisions suffices, unless noncompliant acts are undertaken as subterfuge.

The KOMA is a remedial act, to be subject to broad construction in order to carry out the legislative intent that meetings for the conduct of governmental affairs and the transaction of governmental business be open to the public. K.S.A. 75-4317(a); *State ex rel. Murray v. Palmgren*, 231 Kan. 524, 531, 646 P.2d 1091 (1982). In consideration of the KOMA's stated purpose, we hold the trial court did not abuse its discretion in ordering that a writ of mandamus issue.

Affirmed.